## U-CART CONCRETE OF EUGENE, INC., et al,
*Appellants,*

*v.*

## FARMERS INSURANCE COMPANY OF OREGON, et al,
*Respondents.*

(No. 78-2736, CA 14710)

607 P2d 791

Robert A. Ford, Eugene, argued the cause for appellants. With him on the briefs was Bromley & Ford, Eugene.

George A. Burgott, Eugene, argued the cause for respondents. With him on the brief was Thwing, Atherly & Butler, Eugene.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, C.J.*

JOSEPH, P.J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

**JOSEPH, P.J.**

In this declaratory judgment action, plaintiffs seek indemnification from defendants for tort settlements paid by Transamerica Insurance Co. (Transamerica) on claims against the other plaintiffs. Plaintiffs appeal from a summary judgment for defendants. We affirm.

In June, 1977, defendant Reedy rented a portable concrete mixer-trailer from plaintiff U-Cart Concrete of Eugene, Inc. (U-Cart). The trailer was attached to Reedy's automobile and filled with concrete by plaintiff Tucker, an employee of U-Cart. As a result of the negligent manner in which the trailer had been connected to the vehicle, Reedy and three passengers were injured in a single-car accident, and the vehicle itself was damaged. Reedy and the other injured persons made claims against U-Cart's insurer, Transamerica, for the personal injuries and property damage. U-Cart and Transamerica tendered the defense of the claims to defendant Farmers Insurance Company of Oregon (Farmers), Reedy's automobile liability insurer. Farmers refused the tender. Transamerica then made the settlement payments for which it seeks indemnification.

The general liability insurance provision of the contract between Farmers and Reedy provides in pertinent part that Farmers will

"*** pay all damages the insured becomes legally obligated to pay because of: (A) bodily injury to any person, and/or (B) damage to property arising out of the ownership, maintenance or use, including loading or unloading, of the described automobile or a non-owned automobile."

The omnibus insurance provision of the Farmers contract provides, as pertinent:

"The unqualified word 'insured' includes (a) with respect to the described automobile.

"(1) the named insured, and

[151]

"(2) any other person while using such automobile and any other person or organization legally responsible for its use, provided the actual use of such automobile is by the named insured or with his permission ***."

Transamerica contends that, for purposes of the attachment of the trailer to Reedy's car, U-Cart's employee was engaged in a "use" of the automobile and was therefore entitled to coverage as an additional insured under the quoted provisions of the contract between Farmers and Reedy. Stated otherwise, U-Cart and Transamerica argue that Reedy's insurer rather than U-Cart's insurer is responsible for coverage of the negligent act of U-Cart's employee which resulted in injury to Reedy and others.

While the parties cite no authority which is directly on point, defendants call our attention to decisions from other jurisdictions, with which we agree, which have rejected imaginative arguments—similar to plaintiffs' here—to the effect that persons who perform service functions in connection with automobiles are "using" the vehicles and are therefore additional insureds under the liability policies of the owners of the automobiles. *See, e.g.,International Business Machines Corp., v. Truck Ins. Exch.,* 2 Cal 3d 1026, 89 Cal Rptr 615, 474 P2d 431 (1970); *State Farm v. Pan American Insurance Co.,* 437 SW 2d 542 (Tex Sup 1969); *see also Travelers Insurance Co. v. Northwestern Mutual Insurance Co.,* 27 Cal App 3d 959, 104, Cal Rptr 283 (1972). Summary judgment was appropriate.

Affirmed.