Submitted July 31 on respondents' bill for costs and disbursements and petitioners' objections, objections to bill sustained; bill denied November 18, 1980

## U-CART CONCRETE OF EUGENE, INC., et al, *Plaintiffs-Appellants-Petitioners,*

*v.*

## FARMERS INSURANCE COMPANY OF OREGON, et al, *Defendants-Respondents.*

(TC 78-2736, CA 14710, SC 26963)

619 P2d 882

Petition for review denied, 289 Or 107, May 13, 1980.

George A. Burgott, and Thwing, Atherly & Butler, Eugene, for the bill.

Robert A. Ford, and Bromley & Ford, Eugene, on objections to the bill.

PER CURIAM.

## PER CURIAM.

■ This matter is before the court upon plaintiffs' objections to defendants' bill of costs and disbursements. The issue presented is whether, upon denial by this court of a petition for review, the respondent shall recover costs and disbursements as a prevailing party. We hold that there shall be no recovery.

In the trial court the defendants had summary judgment in this declaratory judgment proceeding, and the Court of Appeals affirmed. *U-Cart Concrete v. Farmers Ins.,* 45 Or App 149, 607 P2d 791 (1980). Plaintiffs petitioned this court for review. Defendants, without any request by this court, filed a response to the petition, Rule 10.05, Rules of Appellate Procedure. This court denied the petition. *U-Cart Concrete of Eugene, Inc. v. Farmers Insurance Co.,* 289 Or 107 (1980). Defendants then filed their bill of costs and disbursements, seeking $75 as "prevailing party fee" and $32.50 for the expense of printing their response. Plaintiffs objected to both items. This court requested and received memoranda of law in support of the parties' respective positions.

Early on, this court held the right to recover costs was unknown to the common law and was of purely statutory origin.[1] *Wood v. Fitzgerald,* 3 Or 568, 583 (1870). To the same effect is *Gowin v. Heider,* 237 Or 266, 325, 391 P2d 630 (1964).

■ "Costs" are by way of indemnity for a party's attorney fees in maintaining or defending an action or suit, ORS 20.010. That statute provides that costs may be allowed to "the prevailing party in the judgment or decree." In certain instances, a plaintiff or defendant may be allowed costs as a matter of course. *See,* e.g., ORS 20.040 and 20.060.

Arguably, two sections of the code other than ORS 20.010 may be applicable to an award of costs in this court. ORS 20.070(1) provides:

---

[1] At one time a line of decisions of this court indicated that costs are recoverable under Or Const. Art VII (Amend), §3, but in *Gowin v. Heider,* 237 Or 266, 325, 391 P2d 630 (1964), it was held that constitutional provision could not be "resorted to for the purpose of awarding costs on appeal differently from the command of the statute."

"Costs, when allowed either party, are as follows:

"(1) In the Supreme Court, or Court of Appeals, on an appeal, to the prevailing party, $75."

ORS 20.100, in pertinent part, is as follows:

"* * * In any action, suit or proceeding as to which the allowance and recovery of costs may not be provided for by statute, costs may be allowed or not, * * * in the discretion of the court."

Assuming that ORS 20.100 is applicable, we exercise the discretionary power not to allow costs in this instance.

Construing ORS 20.010 and 20.070(1) together, we see that costs may be allowed to the prevailing party "in the judgment or decree." In *Gowin v. Heider, supra,* this court found that it was settled that on an appeal "costs and disbursements are allowed as a matter of course to the prevailing party on the affirmance or reversal of a judgment." 237 Or at 326, 391 P2d at 639. The court went on to hold that costs would be allowed to the appellant who obtained a "substantial modification" when this court reversed plaintiff's judgment on one cause of action although affirming the judgment on two other causes. The reason for that result was that the appellant was held to be the prevailing party.

In a case in which this court affirms or reverses a judgment, there is a prevailing party and a judgment to support the award of costs. In denying a petition for review, we neither affirm nor reverse a judgment. We do not even implicitly decide that the respondent's position is correct or that the Court of Appeals properly decided the case. *See, 1000 Friends of Oregon. v. Bd. of Co. Com.,* 284 Or 41, 584 P2d 1371 (1978).

When a petition for review is denied, the respondent has not prevailed "on an appeal" in this court. Rather, the court has chosen not to entertain an "appeal."[2] There is no basis for awarding costs "on an appeal."

---

[2] In 1969, five years after the decision in *Gowin v. Heider,* 237 Or 266, 391 P2d 630 (1964), the legislature created the Court of Appeals and gave that court exclusive jurisdiction of all appeals except those from the Oregon Tax Court. The Supreme Court became primarily a court of review. *Sahnow v. Fireman's Fund*

With respect to the matter before us, therefore, we find there is no judgment of this court to support an award of costs and there is no appeal before the court. We hold that there is no basis for an award of costs under the statutes.

■      The claim for printing respondents' response is a claim for disbursements. A party is not entitled to recover for disbursements unless that party is entitled to costs. ORS 20.020; *Wood v. Fitzgerald, supra.* The claim must be disallowed.

The objections to the bill of costs and disbursements are sustained and the bill is denied.

---

*Ins. Co.,* 260 Or 564, 568, 491 P2d 997 (1971). Inasmuch as ORS 20.070 refers to costs "on an appeal," with no reference to cases heard on review, there is some question whether *Gowin v. Heider, supra,* remains good law with respect to any case which reaches this court by allowance of a petition for review. Because the continued viability of *Gowin* is not necessary to our decision on the issue presented in this case, we do not rule on that question at this time.