On respondents' petition for attorney fees filed July 14, attorney fees awarded October 1, 1997

Curt MARKUS
and Howard Thompson,
dba Soft Tech Building Systems, Inc.,
an Oregon corporation,
*Respondents,*

*v.*

Reed O. CLARK
and Inter-America Shipping, Inc.,
a California corporation,
*Appellants.*

(95-91115; CA A94933)

946 P2d 303

John A. Wolf and Speer, Hoyt, Jones, Poppe & Wolf, Lawyers, P.C., for petition.

Frederick A. Morgan, *contra.*

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiffs, who prevailed in the decision on the merits, 149 Or App 156, 941 P2d 1086 (1997), petition for attorney fees on appeal in the amount of $5,258.25. Defendants oppose the petition. We allow appellate attorney fees of $1,416.60, representing 20 percent of the underlying judgment of $7,083.

Our award flows from our construction of ORS 36.425(4)(b) and (5)(a), in combination with ORS 19.220. ORS 36.425(4)(b) and (5)(a) provide:

"(4)  Notwithstanding any other provision of law or the Oregon Rules of Civil Procedure:

"(b)  If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under ORS 36.405(1)(a), the party is not entitled to attorney fees by law or contract, and the position of the party is not improved after judgment on the trial de novo, the party shall be taxed the reasonable attorney fees and costs and disbursements of the other parties to the action on the trial de novo incurred by the other parties after the filing of the decision and award of the arbitrator.

"(5)  The court shall award reasonable attorney fees not to exceed the following amounts:

"(a)  Twenty percent of the judgment, if the defendant requests the trial de novo but the position of the defendant is not improved after the trial de novo[.]"

Although those provisions do not refer to attorney fees on appeal, ORS 19.220 provides:

"Any statute law of this state that authorizes or requires the award or allowance of attorney fees to a party in a civil action or proceeding, but does not expressly authorize or require that award or allowance on an appeal in the action or proceeding and does not expressly prohibit that award or allowance on an appeal, shall be construed as authorizing or requiring that award or allowance on an appeal in the action or proceeding."

As recited in our original opinion, plaintiffs obtained, and we affirmed, a judgment in the amount of

$7,083. Twenty percent of that judgment is $1,416.60. Plaintiffs argue, nevertheless, that they are entitled to appellate attorney fees totaling $5,258.25, which is far in excess of the 20 percent "cap" embodied in ORS 36.425(5)(a). In their view, that limitation applies only to fees incurred pursuant to a trial *de novo* of an arbitration award and does not similarly limit attorney fees on appeal when we affirm a judgment sustaining the arbitration award.

Conversely, defendants argue that plaintiffs are not entitled to any attorney fees on appeal. In their view, the 20 percent limitation set out in ORS 36.425(5)(a) effectively "caps" *total* fees with respect to all proceedings and not just those incurred on the trial *de novo*. Thus, defendants assert, because the trial court previously awarded plaintiffs fees of $1,416.60, *see* 149 Or App at 159, the statutory limit has been reached and no additional fees can be awarded on appeal.

Neither party is correct. Plaintiffs' position would permit successful respondents to recover fees on appeal without any reference to the 20 percent limitation of ORS 36.425(5)(a). Thus, if plaintiffs were correct, successful respondents could recover fees in excess of the arbitration award itself. Conversely, defendants' position ignores ORS 19.220 and, in cases like this, where the trial court has already awarded fees equivalent to 20 percent of the judgment, would subvert the statutory policies that we described in our original opinion.[1]

Given those deficiencies in the polar positions the parties urge, and in the light of the dictates of ORS 36.425 and ORS 19.220, we conclude that plaintiffs are entitled to appellate attorney fees in the amount of $1,416.60. We do so for two reasons. First, nothing in ORS 36.425(5)(a) purports to limit total fees in all proceedings to 20 percent of the judgment; rather, that subsection speaks only to trial fees. Second, because the authority to award appellate attorney fees pursuant to ORS 19.220 is necessarily derivative—*i.e.*, substantive entitlement to fees must be embodied in some other predicate statute that authorizes the recovery of fees

---

[1] *See, e.g.*, 149 Or App at 160 ("Subsection (4) is part of a legislative scheme to encourage final resolution of cases through arbitration; it is plainly intended to penalize those who resort to the courts to improve their position but fail to do so.").

incurred at trial—recovery of attorney fees under ORS 19.220 is subject to the same limitations embodied in the predicate statute. Thus, just as recovery of trial-related fees under ORS 36.425(5)(a) cannot exceed 20 percent of the judgment, appellate fees similarly cannot exceed 20 percent of the judgment.

Attorney fees awarded in the amount of $1,416.60.