On petition for attorney fees filed May 14, petition for attorney fees denied October 31, 2002

John WILLIAMS,
*Respondent on Review,*

*v.*

CABINET MASTERS, INC.,
and Todd Dollinger,
dba Todd Dollinger Woodwork,
*Petitioners on Review.*

(CC 99C-20525; CA A109435; SC S49144)

57 P3d 145

Jeffrey M. Batchelor, Markowitz, Herbold, Glade & Mehlhaf, Portland, and Jeffrey J. Druckman, Portland, filed the petition and response for petitioners on review.

Jacqueline L. Koch, Koch & Deering, Portland, and J. Dana Pinney, Bailey, Pinney & Associates, Tualatin, filed objections to the petition for respondent on review.

BALMER, J.

**BALMER, J.**

Defendants seek to recover attorney fees that they incurred in successfully opposing two petitions for review that plaintiff filed in this court. The issues are whether recovery of such attorney fees is authorized by statute and, if it is, what limitations, if any, apply to the attorney fee award. We conclude that defendants are not entitled to recover their attorney fees in this court because they already have been awarded fees up to the maximum amount allowed under ORS 36.425, the statute upon which they base their request.

The facts relevant to defendants' petition for attorney fees are undisputed, except as noted. Plaintiff brought a statutory wage claim against his former employer and its owner. Plaintiff did not request a specific dollar amount in his complaint or amended complaint. The trial court referred the case to mandatory arbitration under ORS 36.400 to 36.425, and the arbitrator entered an award for plaintiff in the amount of $4,162.63.

Plaintiff requested a trial *de novo* in the circuit court. *See* ORS 36.425(2)(a) (allowing party to mandatory arbitration proceeding to obtain trial *de novo* in circuit court). Plaintiff did not improve his position in the trial *de novo*, and the trial court entered judgment for plaintiff for $4,162.63. Because plaintiff had failed to obtain a larger recovery in the trial *de novo* than he had obtained in arbitration, defendants sought an award of attorney fees under ORS 36.425(4)(b) and (5)(b), quoted below, which authorize the award of fees in those circumstances, but limit the award to 10 percent of the amount claimed in the complaint. Although the complaint had not stated a specific amount claimed by plaintiff, the trial court, based on the record at trial, determined that plaintiff had sought $27,962.63 in his complaint.[1] The trial court concluded that the statute authorized it to award defendants

---

[1] Plaintiff asserts that this court should apply the 10 percent limit on the fee award to the lower amount that plaintiff claimed at arbitration, rather than the amount determined by the trial court. As noted in the text, the trial court ruled against plaintiff on that issue. The Court of Appeals affirmed the trial court judgment, and we denied review. *Williams v. Cabinet Masters, Inc.*, 175 Or App 553, 29 P3d 627 (2001), *rev den*, 334 Or 76, 45 P3d 450 (2002). Accordingly, we accept, for purposes of this decision, the determination made by the trial court.

their reasonable attorney fees actually incurred, up to 10 percent of the amount that plaintiff had claimed. The trial court therefore entered a supplemental judgment awarding defendants their attorney fees in the amount of $2,796.

Plaintiff appealed, and the Court of Appeals affirmed without opinion. *Williams v. Cabinet Masters, Inc.*, 175 Or App 553, 29 P3d 627 (2001). Defendants then filed a petition to recover the attorney fees they had incurred on appeal, and the Court of Appeals entered an order awarding defendants additional attorney fees of $2,796, relying on its decision in *Markus v. Clark*, 150 Or App 331, 946 P2d 303 (1997). Plaintiff then filed separate petitions for review of the Court of Appeals' decision on the merits and of its order awarding attorney fees. This court denied both petitions. *Williams v. Cabinet Masters, Inc.*, 334 Or 76, 45 P3d 450 (2002).

Defendants now have filed a petition seeking an award of the attorney fees that they incurred in responding to plaintiff's petitions for review. Defendants seek $1,777.50 for fees incurred in responding to the petition for review on the merits and $1,552.50 for fees incurred in responding to the petition for review of the Court of Appeals' attorney fee award. Defendants contend that their efforts in this court— the responses to plaintiff's two petitions for review—involved an "appeal" that is separate from the proceedings in the Court of Appeals. Therefore, they assert, they are entitled to an award of attorney fees that is separate from the awards that the trial court and the Court of Appeals made. They further claim that, under ORS 36.425(5)(b), the award of fees that they seek in this court is subject to a separate "cap" of 10 percent of the amount plaintiff claimed in his complaint. Plaintiff maintains that defendants are not entitled to additional fees because defendants already have received fees in the amount of (indeed, in excess of) the 10 percent cap in ORS 36.425(5)(b).

Resolution of the parties' dispute over defendants' petition for attorney fees requires us to construe ORS 36.425 and ORS 19.440. As noted above, ORS 36.425(4)(b) provides that, if a party requests a trial *de novo* after a mandatory arbitration proceeding, as ORS 36.425(2)(a) authorizes a

party to do, and "the position of the party is not improved after judgment on the trial de novo," that party "shall be taxed the reasonable attorney fees and costs and disbursements * * * incurred by the other parties after the filing of the decision and award of the arbitrator." ORS 36.425(5)(b) then imposes a limit on the attorney fees that may be awarded:

"If a party is entitled to an award of attorney fees solely by reason of [ORS 36.425(4)], the court shall award reasonable attorney fees not to exceed the following amounts:

"* * * * *

"(b) Ten percent of the amount claimed in the complaint, if the plaintiff requests the trial de novo but the position of the plaintiff is not improved after the trial de novo."

Defendants' argument for attorney fees in this court proceeds in three steps. They argue, first, that although ORS 36.425(4)(b) does not authorize expressly the award of fees incurred on appeal, ORS 19.440 requires the court to construe ORS 36.425(4)(b) to authorize such an award. Second, they argue that an award of fees incurred in the Court of Appeals is subject to a separate statutory cap under ORS 36.425(5), as the Court of Appeals held in *Markus*. Finally, they assert that an award of fees for work performed in connection with this court's review constitutes yet another "separate award" and is subject to a third statutory cap. For the reasons that follow, we agree with the first step in defendants' argument, but not with the latter two.

ORS 36.425(4)(b), which authorizes an attorney fee award following trial *de novo* after mandatory arbitration, neither expressly authorizes nor expressly prohibits an award of attorney fees on appeal. As noted, defendants assert that, in such circumstances, ORS 19.440 applies, and it authorizes the award of fees incurred on appeal whenever ORS 36.425(4) authorizes such fees at trial.

■　　ORS 19.440 provides:

"Any statute law of this state that authorizes or requires the award or allowance of attorney fees to a party in a civil action or proceeding, but does not expressly authorize or require *that award or allowance on an appeal* in the action or proceeding and does not expressly prohibit

> *that award or allowance on an appeal,* shall be construed as authorizing or requiring *that award or allowance on an appeal* in the action or proceeding."

(Emphasis added.) That statute is an interpretive rule that directs courts to "construe" certain statutes that provide for "the award or allowance of attorney fees" to authorize "that award or allowance" to include fees incurred on appeal. We agree with defendants that ORS 19.440 requires us to construe the statutory authorization for the award of attorney fees found in ORS 36.425(4)(b) also to allow the award of attorney fees incurred "on an appeal in the action or proceeding."

■   The next question is whether any limitation applies to "that award or allowance [of attorney fees] on an appeal." Defendants' argument becomes implausible at this point. They concede that the 10 percent cap of ORS 34.425(5)(b) imposes a limit on the amount of attorney fees they can recover on appeal. However, they assert that ORS 19.440 authorizes an award of fees on appeal that is separate from the award of fees by the trial court and, therefore, that the award of fees on appeal is subject to a *separate* application of the 10 percent cap contained in ORS 34.425(5)(b). In other words, defendants maintain that they should be awarded the total of: (1) their reasonable trial court fees, up to 10 percent of the amount claimed in the complaint; (2) their reasonable fees in the Court of Appeals, up to 10 percent of the amount claimed in the complaint; and (3) as discussed below, their reasonable fees in this court, up to 10 percent of the amount claimed in the complaint.

■   The words of ORS 19.440 and ORS 34.425 do not support defendants' assertions. As noted, ORS 19.440 applies only when another statute requires "the award or allowance of attorney fees" but the other statute fails to specify whether "that award or allowance" applies to trial or appellate court fees. In such circumstances, ORS 19.440 instructs courts to interpret the statute to authorize "*that* award or allowance on an appeal." ORS 19.440 uses the phrase "that award or allowance" three times. The relative pronoun "that" makes it apparent that each use of the phrase "that award or allowance" refers to the initial phrase in ORS 19.440 of "*the* award

or allowance of attorney fees" authorized by another attorney fee statute, rather than to any new or different "award or allowance" separately authorized by ORS 19.440. ORS 19.440 thus is not, standing alone, a source of law for an award of attorney fees on appeal; attorney fees on appeal can be awarded under ORS 19.440 only to the extent that another statute authorizes "the award or allowance" of fees.[2]

For that reason, "the award or allowance" of fees on appeal is subject to the limitations, if any, contained in the statute authorizing the fees—here, ORS 36.425. That statute, quoted above, provides that, when fees are authorized, "[t]he court shall award reasonable attorney fees not to exceed * * * ten percent of the amount claimed in the complaint[.]" ORS 36.425(5)(b). Nothing in those words supports defendants' position that we should interpret them to allow the trial court to enter an award of trial court fees not to exceed 10 percent of the judgment and *also* allow the Court of Appeals to enter a separate award of appellate fees not to exceed an additional 10 percent of the judgment. "The" award that the words of the statute allow is 10 percent, period.

Defendants suggest that an award of appellate attorney fees up to an additional 10 percent of the amount claimed in the complaint will further the statutory purpose of ORS 36.425(4), which is to encourage arbitration by penalizing those who resort to the courts but fail to improve their position. Perhaps it would, but that is not the level of incentive that the legislature chose to create. It is true that ORS 36.425(4) provides an incentive to both parties not to seek trial *de novo* following an arbitration award, but ORS 36.425(5) limits the incentive by capping the amount of fees

---

[2] Other statutory changes made at the time that ORS 19.440 was adopted support that interpretation. ORS 19.440 was part of a law that primarily amended dozens of statutes relating to fee awards by inserting the words "at trial and on appeal" following the existing words "a reasonable attorney fee." *See* Or Laws 1981, ch 897, § 2 (amending ORS 20.085); § 3 (amending ORS 20.090(1)); § 4 (amending ORS 20.094). Like other changes made to existing statutes by Oregon Laws 1981, chapter 897, section 107 of that enactment (now ORS 19.440) clarified that, when a statute authorizes attorney fees, but is silent about what fees are or are not included, the authorization includes fees incurred on appeal. Nothing in ORS 19.440 or chapter 897 suggests that the legislature intended to change in any substantive way the existing statutes that authorized an award of fees, other than to permit recovery of a party's appellate attorney fees as authorized and as limited by the underlying attorney fee statute.

that the court may award. To interpret ORS 19.440 and ORS 36.425(5)(b) together to allow defendants to recover appellate fees under a separate cap from trial court fees would change significantly the incentives that the legislature established to encourage mandatory arbitration. We hold that ORS 36.425(4)(b) and (5)(b) authorize an award of attorney fees not to exceed, *in toto*, 10 percent of the amount claimed in the complaint.[3]

The foregoing holding also answers defendants' final contention—that they are entitled to recover their attorney fees incurred in this court, not to exceed a third cap of 10 percent of the amount plaintiff claimed in his complaint. As discussed above, ORS 36.425(4)(b) and ORS 19.440 authorize defendants in this case to recover their reasonable attorney fees, whether those fees were incurred at trial, before the Court of Appeals, or before this court. However, ORS 36.425(5)(b) limits that recovery to a total amount that does not exceed 10 percent of the amount claimed by plaintiff in his complaint. ORS 19.440 does not authorize this court to exceed that limitation in deciding whether to award fees on appeal. Here, defendants already have been awarded the maximum of attorney fees to which they are entitled.

The petition for attorney fees is denied.

---

[3] Defendants argue that the Court of Appeals' decision in *Markus* supports their request for fees. As the analysis above makes clear, we believe *Markus* was wrongly decided.