Argued and submitted October 26, 2006, Reynolds High School, Troutdale; on appellant's petition for attorney fees, prevailing party fee, costs and expenses filed December 24, 2007, and respondent's objection to appellant's petition for attorney fees and costs filed January 4, petition for attorney fees denied March 19, 2008

In the Matter of the Marriage of

Lisa Lynn ORNELAS,
nka Lisa Lynn Martin,
*Petitioner-Appellant,*

*and*

Steven Frederick ORNELAS,
*Respondent-Respondent.*

Washington County Circuit Court
C022842DRB; A128901

181 P3d 771

Andy Simrin for petition.

Robert M. Lusk for objection.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

ORTEGA, J.

## ORTEGA, J.

In *Ornelas and Ornelas*, 217 Or App 124, 174 P3d 1077 (2007), wife appealed from a judgment of dissolution of marriage. Concluding that certain property acquired by wife before the parties' marriage remained wife's separate property, we modified the property division and reversed a supplemental judgment awarding attorney fees to husband. Wife now seeks an award of fees pursuant to ORS 107.105(5).[1] For the reasons set forth below, we decline to award fees in this case.

■ Husband objects to wife's request for fees on two grounds. First, he correctly notes that the modified equalizing judgment that wife obtained on appeal—though higher than the judgment that she obtained in the trial court—still is lower than the amount that she obtained in mandatory arbitration pursuant to ORS 36.405(1)(b). Because of that, he urges us to apply ORS 36.425(4)(c) to deny fees here.

Husband's first objection is not well taken. ORS 36.425(4)(c) provides:

> "If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under ORS 36.405(1)(b), and the position of the party is not improved after judgment on the trial de novo, the party shall not be entitled to an award of attorney fees or costs and disbursements and *shall be taxed the costs and disbursements* incurred by the other parties after the filing of the decision and award of the arbitrator."

(Emphasis added.) ORS 36.425(4)(c), however, does not specifically apply to appeals. Nor does it become applicable to appeals under ORS 19.440, which provides:

---

[1] ORS 107.105(5) provides:

"If an appeal is taken from the judgment or other appealable order in a suit for annulment or dissolution of a marriage or for separation and the appellate court awards costs and disbursements to a party, the court may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal."

The legislature amended ORS 107.105(5) in 2007 in ways that do not affect our analysis. Or Laws 2007, ch 71, § 27. For convenience, we cite the current version of the statute.

"Any statute law of this state that *authorizes or requires* the award or allowance of attorney fees to a party in a civil action or proceeding, but does not expressly authorize or require that award or allowance on an appeal in the action or proceeding and does not expressly prohibit that award or allowance on an appeal, shall be construed as authorizing or requiring that award or allowance on an appeal in the action or proceeding."

(Emphasis added.) ORS 36.425(4)(a) and (b) require an award of fees, providing that, if a party requests a trial *de novo* and fails to improve its position, the party "shall be taxed the reasonable attorney fees and costs and disbursements" of the other parties. Unlike those provisions, ORS 36.425(4)(c) requires an award of costs but not of fees (although it provides that a party shall *not* be entitled to fees under certain circumstances) and thus does not fall within ORS 19.440. Thus, we do not construe ORS 36.425(4)(c) to prohibit an award of attorney fees on appeal.

■       Husband's second objection is that wife should not be awarded fees because she argued to us already (in challenging the trial court's award of fees to husband) that an award of fees is improper in this case under *Haguewood and Haguewood*, 292 Or 197, 638 P2d 1135 (1981), and because both parties have incurred substantial expenses in this litigation and a fee award to one party would not leave them on equal footing. We agree with husband.[2]

■■       Under ORS 107.105, an appellate court may, but is not required to, award fees. *Haguewood*, 292 Or at 212. In deciding whether to award fees, we "evaluate the financial resources of the parties, the property division made by the court's judgment, any orders of support, and the like in determining whether it would be equitable to assign to one party or the other the obligation to pay attorney fees." *Niman and Niman*, 206 Or App 259, 271, 136 P3d 105 (2006) (citations

---

[2] Accordingly, we need not decide whether or how wife's failure to improve her position in comparison to the arbitration award might affect the equities of a fee award in this case. *See Williams v. Cabinet Masters, Inc.*, 335 Or 49, 54-55, 57 P3d 145 (2002) (construing ORS 36.425(4)(b) to apply to fee awards on appeal and noting that ORS 36.425(4) provides an incentive not to seek a trial *de novo* after arbitration but that incentive could not be extended beyond the level established by the legislature).

omitted). Given that, as wife herself urged in her opening brief, the judgment in this case sought to put the parties on equal footing and both have incurred substantial litigation costs, we decline to make an award of attorney fees.

Petition for attorney fees denied.