On respondent on review's petition for attorney fees filed June 30,
considered and under advisement on August 10, petition for
attorney fees denied December 2, 2010

## In the Matter of the Marriage of

## Peggy Ann POLACEK,
*Respondent on Review,*

*and*

## Gary Michael POLACEK,
*Petitioner on Review.*

## (CC 15-05-13716; CA A138599; SC S058307)

243 P3d 1190

Jeffrey E. Potter, Eugene, filed the petition for attorney fees for respondent on review and the reply to petitioner on review's objections.

Andrey B. Filipowicz, Law Offices of Jeffery M. Leving, Ltd., Chicago, filed the objections to respondent on review's petition for attorney fees and a request for findings. With him on the filings was George W. Kelly.

DURHAM, J.

## DURHAM, J.

This matter is before the court on the petition of respondent on review (mother) for an award of attorney fees for her lawyer's services in opposing father's petition for review in this court. Father has filed objections. For the reasons set out below, we deny the petition.

Father and mother were married and had three children, but separated in 2005. In 2006, the parties stipulated to a judgment dissolving their marriage and awarding sole custody of the children to mother. One year after entry of the judgment, father filed a motion under ORS 107.135(1)(a) to modify the judgment.[1] The trial court conducted a hearing and denied father's motion.

Father appealed. The Court of Appeals, in a written opinion, affirmed. *Polacek and Polacek*, 232 Or App 499, 222 P3d 732 (2009). In a separate order, the Court of Appeals granted mother's petition for attorney fees, in the full amount requested, for services rendered in the appeal to the Court of Appeals.

Father petitioned for review in this court. Mother filed a response opposing the petition. This court denied review. *Polacek and Polacek*, 348 Or 414, 233 P3d 817 (2010).

Mother has now filed a petition for attorney fees to recover the cost of her lawyer's services, totaling $4,260, in opposing the petition for review. Mother asserts that father acted in bad faith in petitioning this court for review. In his objections to the petition for attorney fees, father argues generally that he filed his petition for review in good faith and supported the petition with relevant (if not ultimately persuasive) legal authority. Father's objections do not challenge

---

[1] ORS 107.135(1)(a) provides, in part:

"The court may at any time after a judgment of * * * dissolution of marriage * * * is granted, upon the motion of either party and after service of notice on the other party in the manner provided by ORCP 7, and after notice to the Division of Child Support when required under subsection (9) of this section:

"(a) Set aside, alter or modify any portion of the judgment that provides * * * for the custody, parenting time, visitation, support and welfare of the minor children and the children attending school, as defined in ORS 107.108 * * *."

the court's authority to award attorney fees or the reasona-
bleness of the services rendered and the hourly rate charged
by mother's lawyer.

■       This court ordinarily resolves disputed claims for
attorney fees by addressing the objections filed under ORAP
13.10(6) ("Objections to a petition shall be served and filed
within 14 days after the date the petition is filed."). *See Kahn
v. Canfield*, 330 Or 10, 13-14, 998 P2d 651 (2000) ("[W]hen an
attorney fees petition comports with the requirements of
ORAP 13.10(5), * * * our inquiry into the request generally
will be limited to the objections that are filed by the party
opposing the petition."). ORAP 13.10(9) identifies an excep-
tion to that rule:

> "In the absence of timely filed objections to a petition
> under this rule, the Supreme Court * * * will allow attorney
> fees in the amount sought in the petition, except in cases in
> which:
>
> "* * * * *
>
> "(b) The Supreme Court * * * is without authority to
> award fees."

Because authority to award attorney fees is a prerequisite to
awarding the attorney fees sought in mother's petition, we
turn first to that question even though father's objections do
not question the court's authority to award the requested
attorney fees.

       Of the potentially available sources of authority, *see
Lehman v. Bradbury*, 334 Or 579, 54 P3d 591 (2002) (discuss-
ing sources of judicial authority to award attorney fees), only
a statute could permit or require an award of attorney fees in
the context of this case.[2] Two statutes pertain to this court's

---

[2] To determine this court's authority to award attorney fees, we examine the
pertinent statutes, not the procedural rules adopted by this court that guide or con-
trol appellate litigation concerning claims for attorney fees. Some of this court's
appellate court rules of procedure might be read (erroneously, in our view) as a
source of substantive entitlement to attorney fees. For example, ORAP 13.10(4)
provides:

> "When the Supreme Court denies a petition for review, a petition for attor-
> ney fees for preparing the petition for review or a response to the petition for
> review shall be filed in the Supreme Court."

That rule, however, "governs the procedure for petitioning for attorney fees[.]"
ORAP 13.10(1). Statutory authority to award the attorney fees requested here
must be found elsewhere.

authority to award the attorney fees sought in the petition. ORS 107.135(8) is a part of the statute that authorized father's motion to modify the dissolution judgment. That subsection provides:

> "In a proceeding under subsection (1) of this section, the court may assess against either party a reasonable attorney fee and costs for the benefit of the other party. If a party is found to have acted in bad faith, the court shall order that party to pay a reasonable attorney fee and costs of the defending party."

ORS 107.135(8) authorizes the trial court to award attorney fees in this case. That statute is silent, however, regarding the authority of an appellate court to award attorney fees on appeal or review from a trial court proceeding under ORS 107.135(1).

The legislature has addressed that potential gap in judicial authority by enacting ORS 19.440, which provides:

> "Any statute law of this state that authorizes or requires the award or allowance of attorney fees to a party in a civil action or proceeding, but does not expressly authorize or require that award or allowance on an appeal in the action or proceeding and does not expressly prohibit that award or allowance on an appeal, shall be construed as authorizing or requiring that award or allowance on an appeal in the action or proceeding."

In *Williams v. Cabinet Masters, Inc.*, 335 Or 49, 57 P3d 145 (2002), this court construed ORS 19.440 in a proceeding involving a claim by the defendants for attorney fees incurred in successfully opposing plaintiffs' petitions for review. A statute, ORS 36.425(4)(b), required the trial court to award attorney fees to the defendants, but subsection (5)(b) of that statute limited the potential award to 10 percent of the amount claimed in the complaint. The question on appeal was whether and how the cap on attorney fees applied to the defendants' claim for attorney fees. This court stated in regard to ORS 19.440:

> "That statute is an interpretive rule that directs courts to 'construe' certain statutes that provide for 'the award or allowance of attorney fees' to authorize 'that award or allowance' to include fees incurred on appeal. We agree

with defendants that ORS 19.440 requires us to construe the statutory authorization for the award of attorney fees found in ORS 36.425(4)(b) also to allow the award of attorney fees incurred 'on an appeal in the action or proceeding.'

"* * * * *

"* * * As noted, ORS 19.440 applies only when another statute requires 'the award or allowance of attorney fees' but the other statute fails to specify whether 'that award or allowance' applies to trial or appellate court fees. In such circumstances, ORS 19.440 instructs courts to interpret the statute to authorize '*that* award or allowance on an appeal.' ORS 19.440 uses the phrase 'that award or allowance' three times. The relative pronoun 'that' makes it apparent that each use of the phrase 'that award or allowance' refers to the initial phrase in ORS 19.440 of '*the* award or allowance of attorney fees' authorized by another attorney fee statute, rather than to any new or different 'award or allowance' separately authorized by ORS 19.440. ORS 19.440 thus is not, standing alone, a source of law for an award of attorney fees on appeal; attorney fees on appeal can be awarded under ORS 19.440 only to the extent that another statute authorizes 'the award or allowance' of fees."

*Id.* at 54-55 (footnote omitted; emphases in original). *Williams* noted that ORS 19.440 was part of a legislative amendment adopted in 1981 that had modified dozens of statutes relating to attorney fee claims by inserting the existing words "at trial and on appeal" after the words "a reasonable attorney fee." *Id.* at 55 n 2 (discussing Oregon Laws 1981, chapter 897). After noting the array of statutes that were subject to that type of amendment, the court stated:

"Nothing in ORS 19.440 or chapter 897 suggests that the legislature intended to change in any substantive way the existing statutes that authorized an award of fees, other than to permit recovery of a party's appellate attorney fees as authorized and as limited by the underlying attorney fee statute."

*Id.*

We interpret ORS 19.440 (as construed in *Williams*) and ORS 107.135(8) together to determine this court's authority to award attorney fees to mother after this court

has denied father's petition for review. The question presented here concerns the legislature's intent in extending the trial court's authority to award attorney fees, ORS 107.135(8), to an appellate court "on an appeal," ORS 19.440.

When construing a statute, our goal is to determine the legislature's intent in enacting the statute. In doing so, we begin with the statutory text and context, which are the best evidence of the legislature's intent. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009) ("[A]s this court and other authorities long have observed, there is no more persuasive evidence of the intent of the legislature than 'the words by which the legislature undertook to give expression to its wishes.' " (Quoting prior case law; citation omitted.)). Where the words in a statute have acquired a well-defined legal meaning, we apply that legal definition. *Bergerson v. Salem-Keizer School District*, 341 Or 401, 413, 144 P3d 918 (2006). A statute's context includes other provisions of the same or other related statutes, the pre-existing statutory framework within which the statute was enacted, and prior opinions of this court interpreting the pertinent statutory wording. *Wal-Mart Stores, Inc. v. City of Central Point*, 341 Or 393, 397, 144 P3d 914 (2006); *Dept. of Transportation v. Stallcup*, 341 Or 93, 99, 138 P3d 9 (2006).

The legislature enacted what is now ORS 19.440 in 1981. Or Laws 1981, ch 897, § 107 (enacting ORS 19.220, *renumbered as* ORS 19.440 (1997)). The legislature did not specifically define the term "appeal" in that statute, but that term had, and still has, a well-defined legal meaning. When the legislature acted in 1981, a legal dictionary defined "appeal" to mean "[r]esort to a superior (i.e., appellate) court to review the decision of an inferior (i.e., trial) court or administrative agency. * * *" *Black's Law Dictionary* 88 (5th ed 1979).[3]

---

[3] The current edition of that legal dictionary provides a similar definition. An "appeal" is:

"[a] proceeding undertaken to have a decision reconsidered by a higher authority; esp., the submission of a lower court's or agency's decision to a higher court for review and possible reversal * * *."

*Black's Law Dictionary* 112 (9th ed 2009).

Both this court and the Court of Appeals are a "superior" court within that definition. However, we must review other contextual sources to determine whether the legislature intended the phrase "on an appeal" in ORS 19.440 to refer to a proceeding that consists only of a party's unsuccessful effort to petition this court for review.

ORS 2.516 grants exclusive jurisdiction over all appeals (except in two circumstances not relevant here) to the Court of Appeals. That statute provides:

"Except where original jurisdiction is conferred on the Supreme Court by the Oregon Constitution or by statute and except as provided in ORS 19.405 and 138.255, the Court of Appeals shall have exclusive jurisdiction of all appeals."

ORS 2.520 authorizes a party aggrieved by a Court of Appeals decision to petition this court for review as provided by the rules of the Supreme Court. That statute provides:

"Any party aggrieved by a decision of the Court of Appeals may petition the Supreme Court for review within 35 days after the date of the decision, in such manner as provided by rules of the Supreme Court."

The Oregon Rules of Appellate Procedure (ORAP), to which ORS 2.520 refers, make it clear that this court has the inherent authority to decide, in its discretion, whether to allow or deny a petition for review. ORAP 9.07 sets out a lengthy list of factors that this court may consider in deciding whether to allow a petition for review, but provides that this court retains complete discretion to allow or deny a petition for review:

"The Supreme Court considers the items set out below to be relevant to the decision whether to grant discretionary review. * * * They are neither exclusive nor binding. *The court retains the inherent authority to allow or deny any petition for review.*"

(Emphasis added.)

This court's rules consistently refer to appellate litigation as "on review," not "on appeal," after a party has filed a petition for review of a decision of the Court of Appeals. *See,*

*e.g.,* ORAP 9.17(1) ("After the Supreme Court allows review, the parties to the case on review may file briefs on the merits of the case * * *."); ORAP 9.20(2) ("If the Supreme Court allows a petition for review, the court may limit the questions on review."); ORAP 9.20(5) ("The record on review shall consist of the record before the Court of Appeals."). Those references in the appellate rules suggest that a distinction exists between appellate litigation "on review" and "on appeal," but they do not explicitly rule out the possibility that a matter pending "on review" is in some sense also "on an appeal." This court's case law supplies a helpful resolution of that conundrum.

In *U-Cart Concrete v. Farmers Ins.*, 290 Or 151, 619 P2d 882 (1980), the plaintiff lost at trial and before the Court of Appeals, and filed a petition for review in this court. The defendants filed a response to the petition, urging this court to deny it. This court denied review.

The defendants then filed a bill of costs and disbursements, seeking a prevailing party fee of $75 and $32.50 for the expense of printing their response. To determine its authority in the circumstances, the court examined three pertinent statutes.

The first, ORS 20.010 (1979), authorized an award of costs to the prevailing party in the judgment or decree. The second, ORS 20.070(1) (1979), stated the amount of costs allowable to the prevailing party "on an appeal" in this court or the Court of Appeals as $75. The third, ORS 20.100 (1979), authorized an award of costs, in the discretion of the court, if the statutes failed to provide for the allowance of costs in the particular action, suit, or proceeding.

The court assumed, without deciding, that ORS 20.100 (1979) applied and stated, "we exercise the discretionary power not to allow costs in this instance." *Id.* at 154. Explaining the basis for that conclusion, the court determined that, on denial of a petition for review, the respondent has not "prevailed," and the court's action does not constitute a decision "on an appeal."

"In a case in which this court affirms or reverses a judgment, there is a prevailing party and a judgment to support

the award of costs. In denying a petition for review, we neither affirm nor reverse a judgment. We do not even implicitly decide that the respondent's position is correct or that the Court of Appeals properly decided the case.

"When a petition for review is denied, the respondent has not prevailed 'on an appeal' in this court. Rather, the court has chosen not to entertain an 'appeal.' There is no basis for awarding costs 'on an appeal.'

"With respect to the matter before us, therefore, we find there is no judgment of this court to support an award of costs and there is no appeal before the court. We hold that there is no basis for an award of costs under the statutes."

*Id.* (citation omitted).

*U-Cart* is pertinent to our interpretation of ORS 19.440 because the court concluded that the key phrase "on an appeal" did not include a determination by this court to deny review.[4] This court decided *U-Cart* on November 18, 1980, just months before the legislature enacted the predecessor of ORS 19.440. As noted, we assume that the legislature was aware of this court's interpretation of the phrase "on an appeal" when it used those words in the predecessor to ORS 19.440. Nothing in the text, context, or legislative history of ORS 19.440 leads us to think that the legislature, in using that phrase, meant something different than what this court stated in *U-Cart*.

On the basis of the foregoing discussion, we conclude that the legislature's intent regarding the applicability of ORS 19.440 in this context is clear. That statute does not authorize this court to award attorney fees to mother. Her lawyer's services, principally the preparation and filing of a brief urging this court to deny the petition for review, were not rendered "on an appeal" within the meaning of ORS 19.440.

---

[4] *U-Cart* recognized implicitly that a proceeding on review in this court may ripen into an appeal if the court grants review. The court in that circumstance will either affirm or reverse a judgment and one party will prevail:

"In a case in which this court affirms or reverses a judgment, there is a prevailing party and a judgment to support the award of costs."

*Id.* at 154. This case, however, is not in that procedural posture.

We recognize that, as a consequence of our interpretation of ORS 19.440, mother may not look to father to recover the cost of her lawyer's services in this court. If the legislature wishes to alter this court's authority to award attorney fees in that context, it may revisit that question whenever it desires.[5]

The petition for attorney fees is denied.

---

[5] For example, ORS 20.310(1) specifically addresses this court's authority to award costs and disbursements in connection with the denial of a petition for review. That subsection provides, in part:

"In any appeal to the Court of Appeals or review by the Supreme Court, the court shall allow costs and disbursements to the prevailing party, unless a statute provides that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court directs otherwise. * * * *On the same terms and conditions, when the Supreme Court denies a petition for review, the respondent on review is entitled to costs and disbursements reasonably incurred in connection with the petition for review.*"

(Emphasis added.) Although this case does not call for a detailed interpretation of ORS 20.310(1), that statute demonstrates that, when the legislature desires to grant this court authority to order the reimbursement of certain litigation expenses to a party after the denial of a petition for review, it knows how to do so.