On respondent on review's petition for attorney fees and costs filed July 20, considered and under advisement on August 10, costs allowed to respondent on review in the sum of $8.40, petition for attorney fees denied December 2, 2010

## In the Matter of the Marriage of

### John Patrick BOLTE,
*Petitioner on Review,*

*and*

### Mary Elizabeth BOLTE,
*Respondent on Review.*

## (CC 0730310; CA A139055; SC S058330)

243 P3d 1187

Pamela S. Hediger, Evashevski, Elliott, Cihak & Hediger, P.C., Corvallis, filed the petition for attorney fees for respondent on review.

J. Michael Alexander, Swanson, Lathen, Alexander, McCann & Prestwich, P.C., Salem, filed the objection to the petition for attorney fees.

DURHAM, J.

**DURHAM, J.**

This matter is before the court on the petition for attorney fees and cost bill filed by respondent on review (wife). Petitioner on review (husband) objects, asserting that this court lacks authority to award attorney fees and costs to wife and that, even if such authority exists, the court should decline to award attorney fees and costs. For the reasons set out below, we allow costs to wife and deny the petition for attorney fees.

This is a marriage dissolution proceeding. Wife appealed the trial court judgment and argued for increased spousal support. The Court of Appeals modified the support amount and otherwise affirmed. *Bolte and Bolte*, 233 Or App 565, 226 P3d 116 (2010). Husband petitioned this court for review of the Court of Appeals decision. Wife filed a response to the petition. This court denied review. *Bolte and Bolte*, 348 Or 523, 236 P3d 151 (2010).

Wife now petitions this court for an award of attorney fees in the amount of $1,890, representing the expense of filing her response to the petition for review, and costs in the amount of $8.40. Because husband's objections challenge this court's authority to award attorney fees or costs in any amount, we first examine this court's authority in the circumstances, beginning with wife's cost bill.

ORS 20.310(1) provides:

> "In any appeal to the Court of Appeals or review by the Supreme Court, the court shall allow costs and disbursements to the prevailing party, unless a statute provides that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court directs otherwise. If, under a special provision of any statute, a party has a right to recover costs, such party shall also have a right to recover disbursements. *On the same terms and conditions, when the Supreme Court denies a petition for review, the respondent on review is entitled to costs and disbursements reasonably incurred in connection with the petition for review.*"

(Emphasis added.) Petitioner does not challenge the amount of costs requested by wife. Because ORS 20.310(1) authorizes

this court to award costs in this context, we allow wife's cost bill in the amount of $8.40.

Wife bases her petition for attorney fees on review on ORS 107.105(5), which provides:

> "If an appeal is taken from the judgment or other appealable order in a suit for * * * dissolution of a marriage * * * and the appellate court awards costs and disbursements to a party, the court may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal."[1]

The phrase "the appellate court" in that statute is broad enough to embrace both the Court of Appeals and this court. However, the statutory grant of discretionary authority to award attorney fees applies only in the context of "an appeal" and only for attorney fees reasonably incurred "on the appeal." The statutory term "appeal" unquestionably includes an appellate proceeding before the Court of Appeals. The question here, however, is whether the term "appeal" in ORS 107.105(5) refers to a proceeding before this court in which the court denies a petition for review. Although the text of the statute does not explicitly address that matter, an examination of the enactment history of the statute and this court's case law answers that question.

Before 1970, this court had exclusive jurisdiction over appeals from decrees in suits for dissolution of marriage. At that time, this court was Oregon's only appellate court; the

---

[1] ORS 107.105(5) expressly authorizes "the appellate court" to award attorney fees in an "appeal" from a judgment regarding dissolution of marriage. We note that ORS 19.440 creates a rule of interpretation supporting court authority to award attorney fees "on an appeal," if the attorney fee statute that pertains to the claim or proceeding does not expressly authorize or require an award of attorney fees on appeal. Because ORS 107.105(5) expressly authorizes an award of attorney fees on an appeal, the interpretive rule in ORS 19.440 plays no role in our analysis of this court's authority to award attorney fees in the context of this case.

ORS 19.440 provides:

"Any statute law of this state that authorizes or requires the award or allowance of attorney fees to a party in a civil action or proceeding, but does not expressly authorize or require that award or allowance on an appeal in the action or proceeding and does not expressly prohibit that award or allowance on an appeal, shall be construed as authorizing or requiring that award or allowance on an appeal in the action or proceeding."

Court of Appeals did not yet exist. The pertinent statute at the time, ORS 107.100(3) (1967), provided:

> "If an appeal is taken from the decree or other appealable order in a suit for dissolution or annulment of the marriage contract, and the Supreme Court awards costs and disbursements to the prevailing party, it may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal."

Effective July 1, 1970, the legislature created the Court of Appeals and gave it exclusive jurisdiction over, among other matters, "[a]ppeals from judgments, as defined in ORS 19.005, of circuit courts: (A) In suits for divorce * * *[.]" ORS 2.510(2)(d) (1969) (codifying Or Laws 1969, ch 198, § 1). The legislature also provided for discretionary review in this court of final judgments of the Court of Appeals by means of a petition for review process. Or Laws 1969, ch 198, § 2 (codified as ORS 2.520 (1969)). In 1977, the legislature expanded the exclusive jurisdiction of the Court of Appeals to "all appeals." Or Laws 1977, ch 158, § 2 (codified at ORS 2.516 (1977)).

The legislature in 1969 also amended the statute authorizing an award of attorney fees on appeal in marital dissolution cases by striking the words "Supreme Court" and inserting the words "appellate court."[2] Or Laws 1969, ch 591, § 283. The amended version of ORS 107.100(3) (1969) provided:

---

[2] ORS 107.105(5), the attorney fee statute under review, has undergone several other amendments to produce the statutory wording in its present form. First, in 1971, the legislature repealed ORS 107.100 and reenacted the attorney fee statute as ORS 107.105(3). Or Laws 1971, ch 280, §§ 13, 28. The legislature renumbered ORS 107.105(3) (1971) as ORS 107.105(4) in 1977, and renumbered the statute again as ORS 107.105(5) in 1981. Or Laws 1977, ch 847, § 2; Or Laws 1981, ch 775, § 1. Second, in 1983, the legislature eliminated the requirement that the party receiving an award of attorney fees be the prevailing party. Or Laws 1983, ch 728, § 2. Third, in 2003, the legislature substituted the term "judgment" for the term "decree" to conform to other amendments to other statutes describing the procedure for appeals. Or Laws 2003, ch 576, § 109. Those changes are not material to our examination of this court's authority under that statute to award attorney fees when it denies a petition for review. We note them here, however, to describe the statute's history completely.

"If an appeal is taken from the decree or other appeal-able order in a suit for dissolution or annulment of the marriage contract, and the appellate court awards costs and disbursements to the prevailing party, it may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal."

The creation of the Court of Appeals, with exclusive jurisdiction over "all appeals," and the replacement of this court's former jurisdiction over appeals with authority over a discretionary petition for review process have altered the nature of this court's function in considering claims of error. This court explained that change in *1000 Friends of Oregon v. Bd. of Co. Comm.*, 284 Or 41, 44-45, 584 P2d 1371 (1978):

"The function of this court is no longer to afford every losing litigant a forum to review errors said to have been committed at trial or in an administrative hearing. That function is now placed in the Court of Appeals. Similarly, a party asserting that the Court of Appeals, in turn, has erred cannot for that reason alone expect further review in this court. The process must stop somewhere, and for most purposes this is at the first level of appeal. However, since this court will not grant review whenever it appears that the Court of Appeals reached a questionable decision, it follows that a denial of review carries no implication that the decision or the opinion of the Court of Appeals was correct.

"* * * * *

"* * * [I]t is plain that denial of review in this or any other case may not be taken as expressing even a slight sign that this court approves the decision or the opinion of the Court of Appeals."

The change in this court's function on review, noted above, has a procedural consequence that goes beyond the neutrality point discussed in *1000 Friends of Oregon*. In *U-Cart Concrete v. Farmers Ins.*, 290 Or 151, 619 P2d 882 (1980), this court explained that a denial of review by this court signifies that the court has declined to entertain an appeal; that denial in no way represents a decision on an appeal because there is no appeal before the court. Addressing a statute that entitled a prevailing party to recover costs "on an appeal," the court stated:

"When a petition for review is denied, the respondent has not prevailed 'on an appeal' in this court. Rather, the court has chosen not to entertain an 'appeal.' There is no basis for awarding costs 'on an appeal.'

"With respect to the matter before us, therefore, we find there is no judgment of this court to support an award of costs and there is no appeal before the court. We hold that there is no basis for an award of costs under the statutes."

*Id.* at 154-55. Even though *U-Cart* addressed a claim for costs "on an appeal," this court has determined that the analysis in *U-Cart* applies with equal force to a petition for attorney fees on "appeal." *Polacek and Polacek,* 349 Or 278, 243 P3d 1190 (2010).

We conclude from the foregoing that, because this court denied the petition for review, wife cannot satisfy the requirement that the attorney fees that she seeks pertain to "an appeal" within the meaning of ORS 107.105(5). As *U-Cart* explained, when this court denies a petition for review, the court has declined to entertain an appeal and there is no appeal before the court. 290 Or at 154-55. Thus, this case presents no occasion for the exercise of judicial discretion to decide whether to allow attorney fees and there is no reason to consider the criteria in ORS 20.075(1) that typically inform such a discretionary choice.[3]

We add one additional comment. As already noted, we have concluded that ORS 20.310(1) authorizes this court to award "costs" to the respondent on review when this court denies a petition for review. ORS 107.105(5) provides that, if the appellate court in a dissolution of marriage proceeding awards costs to a party, the court also may award that party an attorney fee "as part of the costs[.]" Do those statutes, when read together, supply this court with authority to award an attorney fee to wife upon the denial of husband's

---

[3] ORS 20.075(1) provides:

"A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees[.]"

The statute then lists eight factors that the court must consider in deciding, in its discretion, whether to award attorney fees.

petition for review and the allowance of costs to wife? The answer is no. Nothing in ORS 20.310(1) provides authority to any court to award an attorney fee. The phrase, "as part of the costs," in ORS 107.105(5) indicates the procedural context in which an appellant court may award an attorney fee on appeal, but it does not transform an appellate attorney fee into an item of "costs" on appeal. Despite the reference to "costs" in ORS 20.310(1) and ORS 107.105(5), this court may award an attorney fee in this context only if the legislature has authorized it to do so. That authority does not currently exist.

Costs allowed to respondent on review in the sum of $8.40. The petition for attorney fees is denied.