Argued May 21, reversed and remanded June 17, 1974

IN THE MATTER OF CLAMPITT, JEANIE, JAN, RICHARD,
MINOR CHILDREN

STATE OF OREGON EX REL JUVENILE DEPART-
MENT OF MULTNOMAH COUNTY, *Respondent, v.*
CLAMPITT (No. 47,276), *Appellant.*

IN THE MATTER OF HALE, DONNA, MICHAEL, RONALD,
MINOR CHILDREN

STATE OF OREGON EX REL JUVENILE DEPART-
MENT OF MULTNOMAH COUNTY, *Respondent, v.*
HALE (No. 47,341), *Appellant.*

523 P2d 594

*Charles N. Hilke,* Marion-Polk Legal Aid Service, Inc., Salem, argued the cause for appellants. With him on the brief was Victor C. Pagel, Salem.

*Betsy Welch,* Deputy District Attorney, Portland, argued the cause for respondent. With her on the brief was Harl Haas, District Attorney, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

These consolidated appeals were brought by two fathers seeking visitation rights with their minor children.[1] Both fathers are inmates at the Oregon State Penitentiary, and both are serving life sentences for the homicides of their respective wives. Each father has three minor children, all of whom have been made

---

[1] Although heard separately by the juvenile court, these cases were consolidated on appeal because of the similarity of facts and issues involved.

wards of the juvenile court and have been placed in the custody of the Children's Services Division.

The Children's Services Division, in turn, placed the Clampitt children with their maternal grandparents. The Hale children were placed with a maternal aunt and uncle. The Children's Services Division and both custodial families oppose visitation by the minor children with their incarcerated fathers.

A hearing on Mr. Clampitt's motion for visitation with his minor children was held on December 18, 1973. Evidence was presented concerning Mr. Clampitt's good relationship with the children prior to the homicide of his wife and his exemplary behavior since being sentenced to the penitentiary. The court also heard the testimony of two caseworkers from the Children's Services Division, both opposing visitation, and received into evidence a psychiatric report on the three children. This report generally did not favor visitation, but concluded that if visitation were allowed, the children should receive preparatory family therapy before undertaking a visit.

After hearing this evidence, the juvenile court denied Mr. Clampitt's motion, stating,

"* * * that on the basis of judgment and aside from the commitment to the Children's Services Division, the Court would not permit the visitation if it were willing to make that choice.

"Since there isn't any way to terminate the wardship, it is not willing to terminate the temporary commitment to the Children's Services Division to decide on that matter; and, therefore, will leave the decision to the Children's Services Division with the recommendation that there be no visitation. That recommendation is not binding upon Children's Services Division and so a decision it

makes is one that I can thwart only by terminating the temporary commitment.

"* * * * *

"The position of this Court has always been under these circumstances — it's come up two or three times before in my experience — that if its function is to protect the interests of the child or children, it would be an act of irresponsibility to permit the child or children to visit his or their parent in the penitentiary.

"In consequence, your motion for visitation is denied."

■■ It is evident from what the court said that the court did not exercise its discretion in this matter. The juvenile court does have "the authority to make the final decision and may allow or deny visitation" without terminating the children's commitment to the Children's Services Division. *State ex rel Juv. Dept. v. Richardson,* 267 Or 374, 378, 517 P2d 270 (1973); ORS 419.507 (2) (f). When the court has jurisdiction to decide a matter properly before it, the court must exercise its discretion and decide the matter on its merits. *State ex rel. Ricco v. Biggs,* 198 Or 413, 423-24, 255 P2d 1055 (1953). Therefore, this case must be reversed and remanded for a proper determination of the motion for visitation on its merits.

■ In the case of Mr. Hale, no evidence was presented at the hearing on his motion held on January 16, 1974. The juvenile court merely denied Mr. Hale's motion for visitation. The court stated, as it had previously done at the Clampitt hearing, that it has been the court's policy since 1965 not to permit children to visit their parents in the penitentiary, especially in a case where one parent has killed the other parent. The court further stated that no evidence or arguments

that Mr. Hale could present would change the operation of that policy.

The juvenile court's reliance on this stated policy is expressly disapproved. Each case must be decided on its own merits and not on the basis of a policy not to allow children to visit their parents at the penitentiary.

Inasmuch as Mr. Hale's motion for visitation was denied without allowing him an opportunity to present evidence, the ruling is reversed and the matter remanded for a hearing and decision on the merits.

By so holding we do not mean to imply that the trial judge might not be justified in refusing the requested visitation after a hearing on the merits.

Reversed and remanded.