Submitted October 3, reversed and remanded October 29, 2008

In the Matter of the Marriage of

Gina M. HICKAM,
*Petitioner-Respondent,*

*and*

Steven A. HICKAM,
*Respondent-Appellant.*

Marion County Circuit Court
05C30757; A137449

196 P3d 63

Matthew P. Zanotelli and The Vandermay Law Firm filed the brief for appellant.

James J. Susee filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

In this dissolution case, husband appeals a judgment depriving him of all parenting time with two of the parties' three minor children. We reverse and remand.

The relevant facts are not in dispute. Husband and wife were married in 1994. They have three children. At the time of the trial, the children were ages 13, 11, and 3. The trial court awarded husband "temporary custody" of the oldest child. The court awarded wife sole legal and physical custody of the other two children. The court determined that husband is entitled to parenting time with the two other children, but that the timing and duration of the parenting time would be determined by Dukart, a custody evaluator whom the court designated as "parental coordinator." According to the dissolution judgment, Dukart "shall have the authority to deny Husband parenting time with [the two children] at any time based upon his conduct and upon his conformance to the guidelines set out for parenting time" by Dukart.

On appeal, husband contends that the trial court erred in failing to establish a schedule of parenting time without making findings as required by ORS 107.105(1)(b) and in leaving the matter to a parental coordinator who has, in the meantime, withdrawn from the case, leaving husband with no parenting time. Husband concedes that he did not request such findings at the trial court level. He asks that we review the matter as plain error. For her part, wife concedes that the trial court erred in depriving husband of parenting time without making appropriate findings and that the case should be remanded to the trial court to determine whether such findings are appropriate.

■ At the outset, there is the matter of preservation. Although wife does not contest husband's request that we consider his assignment as plain error, we have an independent obligation to determine questions related to preservation of error. *State v. Wyatt*, 331 Or 335, 346-47, 15 P3d 22 (2000).

■ ORAP 5.45(1) provides that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court." The rule also provides, however, that we "may consider an error of law apparent on

the face of the record." ORAP 5.45(1). An error is "plain" if it is one of law, is not reasonably in dispute, and does not require an examination of matters outside of the record. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). If the asserted error satisfies those criteria, we may then exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

ORS 107.105(1)(b) provides that the trial court may provide in a dissolution judgment a provision setting out "parenting time rights of the parent not having custody" of the children at issue. The statute then provides that "[t]he court may deny parenting time to the noncustodial parent under this subsection *only* if the court finds that parenting time would endanger the health or safety of the child." ORS 107.105(1)(b) (emphasis added). In this case, the trial court denied husband parenting time and made no findings. The legal requirement is obvious and not reasonably in dispute. The fact that the trial court did not make the required findings likewise is apparent on the face of the record and not reasonably in dispute; indeed, the parties both agree that the trial court erred and that the case should be remanded for consideration of the findings that the law requires.

That leaves the question whether we should exercise our discretion to review the matter. In deciding whether to exercise our discretion to consider an error of law apparent on the face of the record, we are instructed to consider

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6.

In this case, we conclude that it is appropriate to exercise our discretion to review the error. Of particular importance are the facts that the interests of the parties and the gravity of the error are significant, *see, e.g.*, *McArthur and Paradis*, 201 Or App 530, 535, 120 P3d 904, *rev den*, 339

Or 609 (2005) (parenting time decisions potentially implicate constitutional interests), and that the ends of justice would be served by remanding for further findings, particularly in a case in which the parties both agree that further consideration of the issue by the trial court is appropriate.

We therefore conclude that the trial court plainly erred in denying husband parenting time without making appropriate findings.

Reversed and remanded.