Argued and submitted October 27, affirmed December 16, 2009

In the Matter of the Marriage of

Peggy Ann POLACEK,
*Petitioner-Respondent,*
*and*

Gary Michael POLACEK,
*Respondent-Appellant.*

Lane County Circuit Court
150513716; A138599

222 P3d 732

Andrey Bohdan Filipowicz argued the cause for appellant. On the briefs was George W. Kelly.

Jeffrey E. Potter argued the cause for respondent. With him on the brief was Gardner, Honsowetz, Potter, Budge & Ford. Joining on the brief was Dana M. Weinstein for children.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

In this domestic relations case, father moved for a modification of the portion of the stipulated dissolution judgment that specifies the conditions under which he is permitted parenting time with his children. Father argued that the provision is unlawful and should be deleted from the judgment. The trial court denied father's motion, and father appeals. We affirm.

The relevant facts are not in dispute. Father and mother separated in 2005. They have three minor children. During the separation, mother obtained a Family Abuse Prevention Act restraining order prohibiting father from contacting mother or any of the children, based on father's acts of domestic violence. Father pleaded guilty to having violated that restraining order on two occasions.

In 2006, the parties agreed to the entry of a stipulated dissolution judgment. The judgment provides that mother is awarded sole physical and legal custody of the minor children. Paragraph 5.1 further provides:

> "Husband shall have parenting time and other contact only as recommended by the children's therapist, provided that he may not request a court hearing to challenge the children's therapist's recommendations until and unless he is actively engaged in individual psychotherapy for a minimum of four months."

One year later, father moved under ORS 107.135 for a modification of the stipulated dissolution judgment "to eliminate the requirement in paragraph 5.1 which limits [father's] parenting time with his minor children only to times recommended by the children's therapist." He further requested that he be allowed reasonable parenting time with the children. Father challenged the validity of the parenting time provision, contending that it unlawfully delegated parenting time decisions to a nonjudicial third party. He also argued that, in any event, he should be permitted parenting time because he had successfully completed anger management classes and parenting classes. Father asked that the trial court appoint Joe Mazza to perform an evaluation, and the court did so.

At the hearing on father's motion, father called a number of friends and acquaintances who testified that father loves the children and that he is not aggressive or violent. Mazza also testified, based on his interviews with father, mother, the children, their therapists, and others. In brief, he explained that father did not acknowledge any prior incidents of domestic violence and that, instead, father insisted that he is a victim of "outrageous injustice." Mazza said that father had given him "significant cause for concern regarding his * * * current psychological status"; that the psychologist from whom father took anger management classes reported that father had "a significant, if not severe, problem"; and that another psychologist who treated father reported that father "is not treatable," largely because he is in denial. Mazza recommended against allowing father parenting time until, among other things, father receives a comprehensive psychological evaluation, is assessed for his continuing potential for domestic violence, follows any course of treatment recommended from that assessment, and engages in a therapeutic relationship with a qualified therapist focusing on improving his relationship with his family. Once those conditions have been satisfied, Mazza recommended, supervised visitation could be considered.

The trial court denied father's motion. As to the lawfulness of the parenting time provision, the court explained that paragraph 5.1 of the stipulated dissolution judgment does not unlawfully delegate authority to the children's therapist; rather, the court explained, it expressly permits father to seek parenting time from the court, notwithstanding the therapist's recommendation. "[T]he final decision about whether these children are going to see him," the court explained, "is up to me. It's always been up to me." As for father's request for parenting time, the court denied the motion, based on Mazza's recommendation and on father's continued minimization of his own prior conduct.

■ On appeal, father first assigns error to the trial court's rejection of his contention that paragraph 5.1 of the stipulated dissolution judgment is invalid. According to father, the parenting plan provision violates the rule, as recognized by this court in *Heinonen and Heinonen*, 171 Or App

37, 14 P3d 96 (2000), that a court not delegate to a nonjudicial designee the responsibility for determining parenting time. Mother accepts the accuracy of father's recitation of the rule recognized in *Heinonen*, but contends that the stipulated dissolution judgment simply does not violate it.

In *Heinonen*, the parties entered into a stipulated modification of a dissolution judgment. 171 Or App at 39. The modification provided for the appointment of a "specialist" who would "serve these parents and their children in their effort to improve communications and foster cooperative approaches to parenting of their children." *Id.* The provision went on to state that

> "[v]isitation conflicts, interpretation of clauses in this order and the application of such clauses to the parents and children, scheduling conflict not anticipated by this [o]rder, adjustment to visitation, fair and balanced division of holiday and summer times, and a continuing balance of the allocation of school year time between the parents as is clearly intended by the language of the above drafted agreement, *shall be within the province of the specialist to resolve.*"

*Id.* at 40 (emphasis in original). A specialist was then appointed to carry out the authority granted under the stipulated modification to the dissolution judgment. There arose a disagreement about a decision of the specialist, and the mother filed a motion with the court requesting that the court terminate the specialist role or appoint a different one to fill the role. The trial court denied the motion, and the mother appealed. *Id.* at 41-42. We concluded that the provision authorizing the specialist to make all decisions relating to parenting time was unlawful. We explained that the legislature has given the courts authority to resolve those matters and that the parties cannot deprive the court of that authority by stipulation. *Id.* at 44.

The provision of the stipulated dissolution judgment at issue in this case is distinguishable from the one at issue in *Heinonen*. In this case, although the first sentence of the provision—taken in isolation—does state that parenting time may occur "only as recommended by the children's therapist,"

the following sentence makes abundantly clear that the therapist does not have the last word on the matter. The provision states that father has the option of challenging the adverse recommendation of the therapist and that the final decision rests with the court. That provision—unlike the one at issue in *Heinonen*—does not improperly delegate the authority of the court to a nonjudicial designee.

Father also contends that the trial court erred in failing to grant his request to create some sort of parenting plan, contrary to the recommendation of the children's therapist. According to father, under ORS 107.105(1)(b), the court is not permitted to deny all parenting time in the absence of a finding that parenting time would endanger the health or safety of the children. Mother responds that father's reliance on that statute is unpreserved. In any event, she contends, the statute applies only to original dissolutions, not to modification proceedings brought under ORS 107.135. Finally, mother argues, given the extensive record of domestic violence in this case, it is very clear that danger to the health and safety of the children was precisely the basis for the trial court's decision.

■■ Mother appears to be correct that father did not preserve his argument predicated on ORS 107.105(1)(b). The statute does provide that a court may not deny parenting time to a noncustodial parent in the absence of a finding "that parenting time would endanger the health or safety of the child." ORS 107.105(1)(b). Father, however, did not mention that statute to the trial court. Nor did he suggest to the court the need to make any particular findings as a condition of denying his motion to modify the parenting plan. Ordinarily, a party may not complain about a trial court's failure to make a required finding in the absence of a request that the court make the finding in the first place. *See, e.g., Peeples v. Lampert*, 345 Or 209, 224, 191 P3d 637 (2008) (providing that "the usual rules of preservation apply to a challenge to a trial court's failure to make the express special findings required by" a statute or other law). That is because, among other things, if the need for findings is brought to the attention of the trial court, the matter may easily be remedied and the need for appellate review of the matter avoided. *Id.* at 222-23. That is certainly applicable to this case.

■ Father insists that, in light of our opinion in *Hickam and Hickam*, 223 Or App 302, 196 P3d 63 (2008), we must reverse and remand the case for findings as a matter of plain error. Father, however, misreads our decision in *Hickam*. In that case, the trial court denied the father parenting time without making the finding required by ORS 107.105(1)(b). The father appealed, arguing that the trial court erred in so doing, and the mother conceded the need to remand for a determination whether the finding is appropriate. *Id.* at 304. We concluded that the court's error was plain on the face of the record and that, under the circumstances—particularly the mother's concession—there was no reason for us not to exercise our discretion to address the error. *Id.* at 305-06 (explaining that it was appropriate to exercise our discretion "in a case in which the parties both agree that further consideration of the issue by the trial court is appropriate").

In this case, although the trial court's failure to make the finding required by the statute may have amounted to plain error, there remains the question whether we should exercise our discretion to correct it. Father identifies no particular circumstances that justify the exercise of that discretion, and we are aware of none.

We conclude that the trial court did not err in denying father's motion to modify.

Affirmed.