Submitted March 6, reversed and remanded May 15, 2013

In the Matter of the Marriage of
Daniel E. STEWART,
*Petitioner-Respondent,*
*and*
Melanie L. STEWART,
*Respondent-Appellant.*

Washington County Circuit Court
C110801DRA; A150549

302 P3d 818

Katrina R. Saint Marie filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

In this dissolution case, wife appeals, asserting that the trial court erred in denying wife all parenting time without making the finding that parenting time would endanger the health and safety of the parties' two minor children, as required by ORS 107.105(1)(b).[1] At the time of the dissolution hearing, wife was serving a prison sentence that was expected to continue for 14 years. In the form general judgment, the trial court made the following finding:

"Wife shall not have parenting time because ~~this would endanger the health and safety of the children~~ wife is currently serving a Measure 11 prison sentence. She will be incarcerated for the next 14 years. Her crimes include Robbery I & Assault I."

(Strikethrough in original.)

The trial court did not make the required finding that visitation "would endanger the health and safety" of the parties' two minor children. Rather, it crossed out that language and inserted its own handwritten explanation that, because wife was serving a prison sentence, she was denied all parenting time. The trial court erred in failing to engage in the necessary inquiry as to whether parenting time with wife would endanger the health and safety of the children.

To the extent that the general judgment suggests that wife's incarceration necessarily endangers the health and safety of the children, our case law is to the contrary. We have held that "a parent's incarceration does not invariably require that visitation be denied." *Harris v. Burns*, 137 Or App 355, 359, 904 P2d 648 (1995), *rev den*, 322 Or 644 (1996). "Each case must be decided on its own merits and not on the basis of a policy not to allow children to visit their parents at the penitentiary." *State ex rel Juv. v. Clampitt/Hale*, 18 Or App 12, 16, 523 P2d 594 (1974).

Further, we note that the trial judge, in his concluding remarks, indicated that he was going to "take [himself]

---

[1] ORS 107.105(1)(b) provides that "the court may deny parenting time to the noncustodial parent under this subsection *only* if the court finds that parenting time would endanger the health or safety of the child." (Emphasis added.)

out of it" and let husband "make the decision for what's going to be in his best interest." It is the court's task, not husband's, to develop a parenting plan, including appropriate quality parenting time, in the best interests of the children. *See* ORS 107.105(1)(b); *see also Hickam and Hickam,* 223 Or App 302, 196 P3d 63 (2008) (holding that it was plain error for the trial court to establish a schedule of parenting time without making findings as required by ORS 107.105(1)(b) and instead leaving the matter to a parenting coordinator, and exercising discretion to correct the error).

Reversed and remanded.