No. 714　　　　August 6, 2025　　　　515

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Hannah BROWN,
*Petitioner-Respondent,*

*v.*

Sean COLLETTE,
*Respondent-Appellant.*

Deschutes County Circuit Court
22DR07194; A182715

Michelle A. McIver, Judge.

Argued and submitted December 19, 2024.

Tyler J. Moore argued the cause for appellant. Also on the brief was Law Office of Tyler J. Moore, LLC.

Hannah Brown argued the cause and filed the brief *pro se*.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

In this domestic relations case, father argues that the trial court erred when it modified the parenting plan. In three assignments of error, he argues that the court erred by finding that father suffered from untreated alcoholism and depression without sufficient medical evidence, by not properly applying the "best interest of the child" standard to the modification, and by "granting [mother] the ability to modify parenting time without demonstrating the modification was in the best interests of the child." We disagree as to the first two issues, but we agree that the court erred in allowing mother to determine whether father will receive supervised or unsupervised visits. Accordingly, we reverse and remand.

As an initial matter, father asks us to review the record *de novo* because the finding that father suffers from untreated alcoholism and depression is not supported by the record and that finding was the primary basis for the modification. We decline to exercise our discretion to review the record *de novo* because we conclude this is not an extraordinary case that warrants it and because there would be no need for *de novo* review anyway if the finding was actually unsupported. *See* ORAP 5.40(8)(c) (providing that we will exercise our discretion to review *de novo* "only in exceptional cases"). Absent *de novo* review, we are bound by the trial court's finding of fact if there is evidence in the record to support them. *Sjomeling v. Lasser*, 251 Or App 172, 173, 285 P3d 1116, *rev den*, 353 Or 103 (2012).

Mother and father have one child together, born in 2020. In August 2022, after a domestic relations trial, the court entered a general judgment of custody and parenting time. Mother was awarded sole legal custody. With respect to parenting time, the court granted father unsupervised visits twice a week for three hours each. The order provides that neither parent "is to use or be under the influence of alcohol or controlled substances while [the child] is in their care."

In 2023, father petitioned the court to modify the parenting plan so that the visitation times would align better with his work schedule. The court held a show cause

hearing on the issue of modification of the parenting plan. Father, appearing *pro se*, testified that he had since lost his job and was unemployed. Father conceded that his alcohol use was a "concern" but stated that he never drinks around the child because "[i]t's one of the only times [he's] actually happy." Father testified that he also uses marijuana. On cross-examination, father testified that he had not seen the child in seven months because mother was interfering with his visits. The court asked father about offensive text messages that he offered as evidence of mother interfering with his visitation rights. Regarding the language of the text messages, father responded that he sent those texts because the child was being withheld from him. Father did not clearly articulate what modification he was seeking to the parenting plan but expressed a desire for unsupervised visits that work better with his schedule.

Mother testified that the issues with visitations were due to father's failure to show up at the agreed upon time. Mother described "multiple times" where she drove from Redmond to Bend to drop the child off for a visit, but father would not call, text, or show up at all. Mother acknowledged that father had legitimate excuses for some of those missed visits, including that his grandfather was very sick, but she testified that other times father said afterwards that "he didn't feel good, \*\*\* that he was depressed," and she attributed those times to father drinking too much. Mother testified that father's offensive text messages also indicated to her that he was sending them while under the influence of alcohol. Mother testified that during their relationship in 2020, father would drink a fifth of alcohol a day and that his drinking led to a "very volatile" situation. Mother requested that the parenting plan be changed to supervised visits once a week and that father be required to submit to blood tests.

The court ordered a modification. The court explained that it was "overwhelmed with concern with the untreated alcoholism and what appears to be mental health" issues of father. The court credited mother's testimony that father's offensive text messages and failure to show up to visits likely coincided with father being under the influence. The court explained it would order father to complete

a treatment program to address his alcohol use. Ultimately, the court modified the parenting plan and ordered two "phases" of visitation. The court modified the parenting plans as follows:

> "Phase 1: Father shall have supervised visits on Saturdays from 8:30am-2:00pm. Supervision shall be provided by [father's mother] or [father's father], or another reliable adult chosen by [m]other in the event neither [of father's parents] can provide supervision.

> "Father shall submit a release of information for the treatment provider to release information to [mother] only regarding UAs and proof of successful completion of treatment.

> "Phase 2: Upon successful completion of treatment, the parenting plan will graduate from supervised visits on Saturdays 8:30am-2pm to the Deschutes County Standard Plan.

> "Upon reasonable belief of a relapse in alcohol use, parenting time shall be supervised. Father shall have an alcohol monitor placed on him through Vigilnet. The alcohol monitor may be removed upon 30 consecutive days of non-alcohol use, at which time the standard parenting plan will resume."

On appeal, father argues that the trial court erred in its modification order. In ordering a modification to a parenting plan, the court considers only whether the modification is in the best interests of the child. *Davison and Schafer*, 308 Or App 513, 518, 479 P3d 1108, 1112 (2021). We review a trial court's decision to modify a parenting time order first for legal error to determine whether the court correctly applied the best-interest legal standard. *Id.* We next review a court's best-interest determination for abuse of discretion. *Id.* When determining whether modification of a parenting plan is in the best interests of the child, the court must consider the factors from ORS 107.137(1):

> "(a)  The emotional ties between the child and other family members;

> "(b)  The interest of the parties in and attitude toward the child;

"(c)   The desirability of continuing an existing relationship;

"(d)   The abuse of one parent by the other;

"(e)   The preference for the primary caregiver of the child, if the caregiver is deemed fit by the court; and

"(f)   The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child. However, the court may not consider such willingness and ability if one parent shows that the other parent has sexually assaulted or engaged in a pattern of behavior of abuse against the parent or a child and that a continuing relationship with the other parent will endanger the health or safety of either parent or the child."

No one factor is dispositive. *Sjomeling*, 251 Or App at 188.

Father first argues that the trial court erred in finding that he suffered from untreated alcoholism and depression "without sufficient medical evidence." Assuming that argument was preserved below, we conclude that the court did not err in making that finding. Because we decline to take *de novo* review, we are bound by the trial court's factual findings if there is evidence in the record to support them. *Id.* at 173. Based on both father's and mother's testimony, we conclude that there is evidence in the record to support the finding regarding father's alcohol use and mental health struggles. We are unpersuaded that, on this record, the court needed "medical evidence" to make the finding that it did.

Second, father argues that the trial court abused its discretion in determining that the modification was in the child's best interests because there was no evidence that father's alcohol use impacted the child. After reviewing the record, we conclude that the trial court did not abuse its discretion in applying the best-interest standard. Specifically, the court could, and did, find that father's alcohol use likely contributed to the inappropriate text messages he sent mother which negatively affected the parents ability to facilitate their relationship with the child, and contributed to his failure to show up at the scheduled visitation times. In light of those findings, the court did not abuse its discretion. *See* ORS 107.137(1) (factors the court must consider in evaluating what is in the best interest of the child include the

"interest of the parties in and attitude toward the child," and the "willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child").

Third, father argues that the trial court erred in "abdicating its authority to [mother] by granting her the ability to modify parenting time without demonstrating th[at] modification was in the best interests of the child." We agree that the court erred in that regard. "[A] noncustodial parent's parenting time cannot be left up to the custodial parent." *Albar and Najjar*, 292 Or App 146, 161, 424 P3d 774, *rev den*, 363 Or 677 (2018). That is because "[i]t is the court's task, not [the custodial parent's], to develop a parenting plan, including appropriate quality parenting time, in the best interests of the children." *Stewart and Stewart*, 256 Or App 694, 696, 302 P3d 818 (2013); *see also Hickam and Hickam*, 223 Or App 302, 305, 196 P3d 63 (2008) (holding that the trial court plainly erred in establishing a parenting plan without making the required findings, instead leaving the decision of father's parenting time to a parenting coordinator).

The modification requires father to submit proof of completion of treatment and the results of any UAs to mother. In its oral order, the trial court explained that there "must be a release of information so that [mother] can be informed" of any "dirty UAs." The court also addressed mother and told her that it would include a "safety provision," and we understand the challenged provision to provide mother with a mechanism to change the parenting plan if she "reasonably believes" that father has relapsed outside of the UAs. The written order provides that, "Upon reasonable belief of a relapse in alcohol use, parenting time shall be supervised." The parties agree that that provision applies if mother has a reasonable belief that father has relapsed.[1] Under that provision, mother, and not the court, is vested with the authority to change the parenting plan. Only the trial court has

___

[1] At oral argument, mother represented that she understood the order to require her to go to court and petition for a change to the parenting plan if she suspects that father has relapsed. The text of the order, however, provides that upon reasonable belief of a relapse, the plan automatically reverts to supervised visits.

the authority to change a parenting plan. The court erred in delegating that authority to mother. *Stewart*, 256 Or App at 696.

Accordingly, we reverse and remand for the trial court to modify the parenting plan in accordance with this decision.

Reversed and remanded.