***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted September 15, affirmed December 14, 2022

WINDLINX RANCH TRUST,
*Petitioner,*

*v.*

DESCHUTES COUNTY,
Hodge Kerr, and Debora Kerr,
*Respondents.*

Land Use Board of Appeals
2022022; A179127

Christopher P. Koback and Hathaway Larson LLP filed the brief for petitioner.

Tia M. Lewis, Sara Kobak, D. Adam Smith and Schwabe Williamson & Wyatt PC filed the brief for respondents.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner Windlinx Ranch Trust seeks judicial review of a final opinion and order of the Land Use Board of Appeals (LUBA) that upheld in part and remanded in part a Deschutes County hearings officer's decision to approve a forest template dwelling sought by intervenors Hodge and Debora Kerr.[1] On appeal, petitioner raises four assignments of error. Petitioner first assigns error to LUBA's decision to affirm the hearings officer's finding that intervenor's land could produce less than 50 cubic feet of fiber annually, arguing that LUBA failed to properly apply the substantial evidence standard. Relatedly, and contingently, petitioner's second assignment of error challenges LUBA's decision to uphold the hearings officer's finding that, because of the amount of annual cubic feet of fiber, intervenors only needed to show that seven lots or parcels were located in the template. Petitioner's third and fourth assignments of error claim that LUBA incorrectly used the "substantial evidence" standard to review questions of law. Specifically, petitioner claims that the hearings officer made erroneous legal determinations when he interpreted a 1910 document as a deed, not an easement, and found that a 1994 easement granted access to the intervenor's property. Petitioner further claims that LUBA should have reviewed for errors of law and asks us to do so on appeal. For the reasons below, we reject petitioner's arguments and affirm.

Our standards of review of LUBA orders are well-established. As we recently set forth:

> "We review LUBA's order to determine whether it has properly applied the legal standards for its review of the county's order, *i.e.*, to determine whether LUBA's order is unlawful in substance or procedure or whether it has properly applied the substantial evidence standard in its review of the county's order. ORS 197.850(9). 'A LUBA order is unlawful in substance if it represents a mistaken interpretation of the applicable law.' *Kine v. Deschutes County*, 313 Or App 370, 370-71, 496 P3d 1136 (2021) (internal quotation marks omitted).

---

[1] In a related appeal, *Windlinx Ranch Trust v. Deschutes County (A179142)*, 323 Or App 290, 291 (2022) (nonprecedential memorandum opinion), also decided this date, Hodge Kerr, Debora Kerr, and Deschutes County sought judicial review of the same final opinion and order of LUBA that is on review in this case.

> "To the extent that petitioner challenges LUBA's determinations as to whether substantial evidence supports the county's decision under ORS 197.850(9)(c), the court reviews to assess whether LUBA correctly understood its role in conducting its review for substantial evidence. *Columbia Riverkeeper v. Columbia County*, 297 Or App 628, 640, 443 P3d 1184, *rev den*, 365 Or 721 (2019) (citing *Root v. Klamath County*, 260 Or App 665, 670, 320 P3d 631 (2014))."

*Gould v. Deschutes County*, 322 Or App 11, 22-23, 518 P3d 978 (2022).

On the first assignment of error, we determine that LUBA correctly understood its role in reviewing for substantial evidence. LUBA cited the correct legal standards for its review and found that a reasonable person could have relied on the evidence that the hearings officer did. Because we affirm on assignment of error one, we do not address assignment of error two, which was contingent upon success with assignment of error one.

As for assignments of error three and four, the hearings officer was not asked to make a conclusive legal determination about property rights involved in the 1910 document and the 1994 easement. An application for a forest template dwelling and its related hearing is not the forum for those kinds of determinations. *See, e.g.*, *McNichols v. City of Canby*, 79 Or LUBA 139, 146 (2019) ("[F]inal and authoritative determinations regarding the intent and scope of deeds, easements and similar real estate documents can be obtained only in circuit court, based on application of real estate law."). Instead, the hearings officer was tasked with making factual determinations; specifically, whether there were sufficient lots or parcels within the template to allow construction of the forest dwelling, and whether there was access to the land in question. The hearings officer relied on the evidence in the record of the 1910 document and the 1994 easement to make those factual determinations. Because the issues were ones of fact, LUBA correctly used the substantial evidence standard to review the hearings officer's decisions.

Affirmed.