240 August 7, 2024 No. 545

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WINDLINX RANCH TRUST,
*Petitioner,*
*v.*
DESCHUTES COUNTY,
Hodge Kerr, and Debora Kerr,
*Respondents.*

Land Use Board of Appeals
2023079
A183804

Argued and submitted May 8, 2024.

E. Michael Connors argued the cause for petitioner. Also on the brief were Christopher P. Koback and Hathaway Larson LLP.

Wendie L. Kellington argued the cause for respondents. Also on the brief was Kellington Law Group, PC.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

SHORR, P. J.

This case returns to us following our affirmance of a final order of the Land Use Board of Appeals (LUBA), which remanded, in part, the case to the county hearing officer. On appeal from that remand, LUBA rejected petitioner Windlinx Ranch Trust's assignments of error, because the arguments raised could have been asserted, but were not, in the initial land use proceeding. LUBA concluded that petitioner's arguments were waived and that the "law of the case doctrine" precluded petitioner from asserting piecemeal attacks on land use decisions when those issues could have been raised in the earlier proceeding. Petitioner now seeks judicial review of LUBA's latest final order. In two related assignments of error, petitioner contends that LUBA erred in applying the law of the case doctrine. Although LUBA might have used the wrong label when it referred to the "law of the case doctrine," LUBA accurately described the principle of waiver and it properly applied that principle here to reach a correct result. As a result, we affirm.

The facts are largely procedural. In 2021, intervenors-respondents Hodge and Debora Kerr ("the Kerrs") applied to Deschutes County for approval of a "forest template dwelling" on their 6.7 acre parcel that is zoned Forest Use (F-2). Under the Oregon law applicable to the Kerrs' parcel, the Kerrs were required to prove that "[a]ll or part of at least seven other lots or parcels that existed on January 1, 1993, are within a 160-acre square centered on the center of the subject tract." ORS 215.750(3)(b)(A). The Kerrs identified at least seven and as many as nine parcels that they contended were proper lots constituting the 160-acre square forest template. The lots were identified as lots 1 through 7, and lot 7 was then further divided into lots 7a, 7b, and 7c. Significant to this opinion, and as we will discuss further below, the Kerrs specifically relied upon lot 7c and included part of that lot within its surveyor's map of their proposed forest template. The county hearing officer found that the test for a forest template dwelling had been met because there were "nine lawfully created lots" at the relevant time and, thus, "all or part of at least seven other lots or parcels that existed on January 1, 1993, are within a

160 acre square centered on the subject tract." The hearing officer specifically relied upon lots 7a, 7b, and 7c as lawfully created lots.

Petitioner sought review before LUBA.[1] Petitioner argued that the Kerrs did not show that certain lots, including lots 7a, 7b and 7c, were "lawfully created" lots as of January 1, 1993, as required by ORS 215.750 and, therefore, that the Kerrs had not identified the seven qualifying lots required under that statute. LUBA concluded, among other things, that petitioner did not demonstrate that the hearing officer erred with respect to lot 7b. *Windlinx Ranch Trust v. Deschutes County*, ___ Or LUBA ___, ___ LUBA No 2022-022, July 7, 2022) (slip op at 28) (*Windlinx I*). However, LUBA sustained petitioner's challenge to lot 7a and 7c, concluding that the hearing "officer['s] findings are inadequate to explain why they concluded that lots 7a and 7c are lawfully created parcels." *Id.* at ___ (slip op at 29). Therefore, LUBA remanded the proceeding for the hearing officer to "determine whether Lot 7a and Lot 7c are lawfully created parcels" under the relevant statutory test. *Id.* On review before us, we affirmed LUBA's decision. *Windlinx Ranch Trust v. Deschutes County*, 323 Or App 319 (2022) (nonprecedential memorandum opinion) (*Windlinx II*). Thus, the proceeding was remanded to the county hearing officer to determine whether certain lots, including lot 7c, were lawfully created.

On remand, petitioner attempted to argue to the hearing officer *for the first time* that lot 7c was not located within the Kerrs' proposed forest template. The hearing officer rejected that argument, determining that the original hearing officer's decision resolved that lot 7c was within the template. It further concluded that the only issue on remand as to lot 7c was whether it was lawfully created. In the alternative, the hearing officer found that, regardless, there was evidence that lot 7c was within the template.

Petitioner again sought review before LUBA, challenging the hearing officer's decision that lot 7c was within

---

[1] Petitioner Windlinx Ranch Trust owns land adjacent to the Kerrs' property; it opposed the Kerrs' application and participated in the process before the hearing officer.

the template either as a result of the operation of the prior land use proceeding or factually based on the evidence on remand. In the final order on review before us now, LUBA rejected petitioner's arguments, stating at the outset that "[u]nder the law of the case doctrine, a party at LUBA fails to preserve an issue for review by LUBA if, in a prior stage of a single proceeding, that issue is decided adversely to a party, *or that issue could have been raised and was not raised.*" (Emphasis added.) For that proposition, LUBA relied, in part, on our decision in *Mill Creek Glen Protection Assoc. v. Umatilla Co.*, 88 Or App 522, 526-27, 746 P2d 728 (1987). LUBA ultimately rejected petitioner's argument that petitioner could challenge the location of lot 7c on remand to the county, concluding that that issue could have been raised in the original county proceeding that led to LUBA's decision in *Windlinx I*. It concluded that, "[u]nder the law of the case doctrine," petitioner's arguments are "waived."

In raising two related assignments of error to us, petitioner contends that LUBA erred in applying the law of the case doctrine to preclude petitioner from challenging the location of lot 7c on remand to the county. Petitioner raises a similar argument that LUBA erred in applying that doctrine and concluding that the Kerrs were not required to file a modification application to include lot 7c in the forest template. We review LUBA's order to determine if it is unlawful in substance. ORS 197.850(9)(a). That is, we determine if LUBA's decision "represented a mistaken interpretation of the applicable law." *Mountain West Investment Corp. v. City of Silverton*, 175 Or App 556, 559, 30 P3d 420 (2001).

As noted, LUBA might have used the wrong label, "the law of the case doctrine," in this instance. However, in doing so, LUBA properly applied the law of waiver to these circumstances and reached a correct result. Because LUBA properly applied that law to the circumstances here, LUBA's decision was not unlawful in substance.

We turn to our decision in *Mill Creek Glenn Protection*, which LUBA cited and relied upon, because it is dispositive. Ironically, that case also involved a circumstance where LUBA also used the label "law of the case" but ultimately

correctly applied the law of waiver.[2] In that case, as here, there had been an original county land use decision that approved a land use application. 88 Or App at 526. Following an initial appeal to LUBA, LUBA remanded the decision to the county for further proceedings. *Id.* In a second appeal of the county's decision to LUBA, the petitioners attempted to raise additional issues that *could have been raised* in the earlier LUBA appeal. *Id.* LUBA rejected petitioners attempt to raise those issues again under the "law of the case doctrine." *Id.* at 526-27. We affirmed but concluded that "waiver" was a "more useful term to define the principle" than the law of the case doctrine. *Id.* at 527. We noted the clear legislative policy under ORS 197.805 to avoid piecemeal land use litigation that results in unending appeals.[3] *Id.*; *see also Beck v. City of Tillamook*, 313 Or 148, 152, 831 P2d 678 (1992) (noting that LUBA may narrow the scope of the remand to the issues that require further exploration because that facilitates the legislative policy in ORS 197.805 that time is of the essence in reaching finality in land use proceedings).

We reach the same result here. As in *Mill Creek Glenn Protection*, the law of the case doctrine may not be a suitable term to apply to these facts. Rather, petitioner, having not challenged whether lot 7c was within the forest template in the original land use proceeding and the appeal to LUBA in *Windlinx I*, waived the right to bring that challenge in the subsequent remanded proceeding and the related appeal before LUBA.[4] *Mill Creek Glenn Protection*, 88 Or App at 526-27.

---

[2] We have described the law of the case doctrine (in nonadministrative law cases) as a prudential doctrine by which a point of law *decided* by an appellate court is generally "'binding and conclusive both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review.'" *State v. Poston*, 309 Or App 377, 381, 482 P3d 778 (2021) (quoting *State v. Pratt*, 316 Or 561, 569, 853 P2d 827 (1993)). In *Beck v. City of Tillamook*, 313 Or 148, 151, 831 P2d 678 (1992), the Supreme Court concluded that one land use proceeding that involves the same land use application is a single "case" even if there are two successive LUBA appeals. *See id.* (stating that "[a]lthough there were two successive appeals to LUBA, there is but one case").

[3] ORS 197.805 provides that "[i]t is the policy of the Legislative Assembly that time is of the essence" in reaching land use decisions and the statutes relating to LUBA reflect that policy.

[4] Petitioner contends that the Kerrs did not rely on lot 7c as part of their initial 2015 application materials. Therefore, petitioner maintains that there was no

For similar reasons, we reject petitioner's second assignment of error that contends that LUBA erred in rejecting its argument that the Kerrs were required to modify their permit application to include lot 7c as part of the forest template. Again, petitioner could have argued in the initial land use proceeding and the first LUBA appeal that lot 7c was not a part of the application and could not be considered as one of the seven qualifying parcels without modifying the application, but petitioner did not do so. Petitioner waived that argument by not raising it at that time. As a result, we affirm.

Affirmed.

---

reason for it to challenge the location of lot 7c in the earlier proceeding. Petitioner's first contention is true as far as it goes. It is true that the Kerrs did not *initially* rely on lot 7c in the 2015 application materials, but they left open that they might rely upon that lot and reserved the right to submit additional information on that lot if needed to demonstrate seven lawfully created lots. In response to a notice from the county that their application was incomplete, the Kerrs did just that, supplementing their application in 2021 with additional evidence relying upon lot 7c. That was the application that petitioner opposed in 2021.