No. 482 June 4, 2025 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELLIOT MAXWELL BOLLET,
*Defendant-Appellant.*
Beaverton Municipal Court
2210308; A181096

Edward A. Kroll, Judge pro tempore.

Submitted January 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

ORTEGA, P. J.

Affirmed.

_____

\* Lagesen, Chief Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for misdemeanor driving while using a mobile electronic device, ORS 811.507(2), (5)(d). He assigns error to the trial court's ruling allowing his stipulation to two prior infraction-level violations of the statute to be presented to the jury pursuant to ORS 136.433(3). Because defendant's stipulation did not function to relieve the state of its burden of proof on defendant's prior convictions in accordance with ORS 136.433(1), evidence of those convictions was admissible, and the trial court did not err by allowing the stipulation to be presented to the jury. Accordingly, we affirm.

The relevant facts are procedural. Defendant was charged with driving while using a mobile electronic device, ORS 811.507(2), a traffic violation that is elevated to a Class B misdemeanor if a person had been convicted of that offense twice in the previous 10 years. ORS 811.507(5)(d). The state alleged in the complaint that defendant "has been convicted twice of this offense within the past 10 years." Defendant filed a motion *in limine* seeking to exclude testimony and other evidence related to his previous convictions. That written motion included an offer to stipulate to the two previous convictions. At the pretrial hearing, the trial court conducted an oral colloquy with defendant and indicated that it would accept defendant's stipulation.

The state objected and moved to admit the judgments of conviction, arguing that defendant and the court were not following the process set out in ORS 136.433(1) for stipulating to a prior-conviction element. That statute lays out a procedure by which a defendant may stipulate to a previous conviction and relieve the state of its burden of proof on that issue when the state alleges in the accusatory instrument that the defendant has previously been convicted of an offense. That procedure includes the requirements the stipulation must meet:

"* * * The stipulation must:

"(a)   Be in writing;

"(b)   Admit without qualification that the defendant previously was convicted of the offense and that the conviction is valid;

"(c)   Include an express waiver of the defendant's right to a jury trial on the fact of the previous conviction; and

"(d)   Be filed with the court and served on the district attorney."

ORS 136.433(1)(a) - (d). When a defendant files such a stipulation, the court is directed to accept it, and the statute sets out the conditions under which information about a previous conviction is either kept from or disclosed to the jury. ORS 136.433(2).

One of those conditions is specified in ORS 136.433 (3)(a)(A): a stipulation "must be presented to the jury" when "[t]he statute that defines the charged offense includes as a material element that the defendant previously was convicted of the offense that is the subject of the stipulation and the charged conduct does not constitute a criminal offense except with that element." The state argued that any stipulation would necessarily be presented to the jury pursuant to that provision because the charged conduct—driving while using a mobile electronic device—is a traffic violation and that conduct only constitutes a criminal offense when a defendant has two previous convictions for violating that statute.

Defendant argued below that, given his stipulation, admitting any evidence of prior convictions would violate his due process right to a fair trial. He argued that his stipulation operated as conclusive proof of the element of his previous convictions, rendering evidence of those convictions irrelevant to a fact at issue in the case, and that admitting evidence of those convictions would therefore be unduly prejudicial. OEC 403.

The court expressed a concern that the previous conviction evidence was inadmissible propensity evidence, OEC 404(4), and that admitting it may pose a due process issue, OEC 403. Ultimately, it concluded that it was bound by ORS 136.433, and that subsection (3) of that statute required the court to present the stipulation to the jury. The court then memorialized defendant's offered stipulation in writing by preparing a document stating that "[defendant] has stipulated that he has two prior infraction-level convictions in

the past 10 years for violating ORS 811.507." Defendant, defense counsel, and the prosecutor signed it. The state again objected that the stipulation did not meet the criteria set in ORS 136.433(1) and moved to admit certified copies of defendant's judgments of conviction into evidence.

The court ruled that defendant's stipulation complied with each of the requirements of ORS 136.433 (1)(a) to (d), that the stipulation would be presented to the jury under ORS 136.433(3)(a), "because the statute says it is a material element," and that it was admitted only to prove the prior-conviction element of misdemeanor driving while using a mobile electronic device.

On appeal, defendant challenges the court's ruling allowing the stipulation to go to the jury. Defendant contends, as he did before the trial court, that the effect of his stipulation was to "establish the fact of the prior convictions conclusively and to relieve the state of its burden to prove the existence of the prior convictions." *State v. Hess*, 342 Or 647, 662, 159 P3d 309 (2007). Therefore, in defendant's view, it was error to let the stipulation go to the jury as evidence of the prior convictions. *See id.*; *State v. Brostrom*, 214 Or App 604, 607, 167 P3d 460 (2007), *rev den*, 344 Or 109 (2008) (the trial court erred in admitting evidence of a prior conviction when the stipulation "established the fact of the prior conviction conclusively and, under *Hess*, relieved the state of its burden to prove that element of the charges"). Defendant argues further that the trial court should have excluded the stipulation because it was propensity evidence and because the prejudicial effect of evidence of the convictions substantially outweighed any probative value. OEC 404(4); OEC 403.

The state argues, as it did below, that the stipulation did not comply with ORS 136.433(1) and so did not relieve the state of its burden to prove the previous convictions. It also contends that the trial court properly presented the stipulation to the jury under ORS 136.433(3)(a) because defendant's conduct would not be a criminal offense but for the element of the previous convictions.

The state's argument presupposes that ORS 136.433 is the only mechanism by which a defendant may stipulate

to a prior-conviction element, at least where, as here, the accusatory instrument alleges that the defendant has previously been convicted of an offense. Defendant's due process and evidentiary arguments presume, instead, that his stipulation is governed by the rules of evidence as applied in *Hess*. 342 Or at 662 (a stipulation is conclusive proof of a prior conviction that relieves the state of its burden of proof and is inadmissible as evidence of that conviction). Their arguments require us to determine whether ORS 136.433 is the only mechanism by which a defendant may stipulate to a previous conviction when it is an element of the offense, which is a legal question of statutory construction that we answer with our familiar methodology to determine the legislature's intent by examining the text in context, along with relevant legislative history. *State v. Neff*, 246 Or App 186, 190-91, 265 P3d 62 (2011) (citing *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009)).

As we explain below, we conclude that the legislature intended ORS 136.433 to supplant *Hess*, and it applies where, as here, the state alleges in the accusatory instrument that defendant has previously been convicted of an offense. We conclude further that defendant's stipulation did not meet the requirements set out in ORS 136.433(1) and, as a result of that shortcoming, the stipulation did not relieve the state of its burden of proof on the element of the previous convictions. Evidence of defendant's convictions was therefore relevant to a fact at issue and could be presented to the jury to establish that element.

We first address the intended scope of ORS 136.433, that is, whether it is intended to govern all stipulations to prior convictions. We begin with the text of the statute in context. Subsection (1) defines the scope of ORS 136.433: Absent exceptions not applicable here, it applies "if the accusatory instrument * * * alleges that the defendant has previously been convicted of an offense."[1] In those circumstances,

---

[1] ORS 136.433 also applies when "the written notice described in ORS 136.765(2) [governing sentencing enhancement facts] alleges that the defendant has previously been convicted of an offense," and it expressly does not apply in the context of aggravated murder or felony driving while under the influence of intoxicants.

"the state has the burden of proving the previous conviction *unless* the defendant stipulates to that fact." ORS 136.433(1) (emphasis added). ORS 136.433(1)(a) to (d) then set out the requirements for a defendant's stipulation to a previous conviction under the applicable circumstances to trigger the legal consequences in ORS 136.433(2) to (4): that it admit to the previous conviction "without qualification *** and that the conviction is valid"; expressly waive the "right to a jury trial on the fact of the previous conviction"; and that it be "in writing" and "filed with the court and served on the district attorney." Crucially, the text stating that "the state has the burden of proving the previous conviction unless the defendant stipulates to that fact," ORS 136.433(1), strongly suggests that a stipulation that does not meet the statutory conditions does not trigger the legal consequences set out ORS 136.433(2) to (4).

We turn to the relevant context. A written jury waiver is required as part of the Oregon Constitution's guarantee of a defendant's right to a jury trial. *State v. Barber*, 343 Or 525, 530, 173 P3d 827 (2007) (Article I, section 11, of the Oregon Constitution, which provides that a defendant "'may elect to waive trial by jury *** *such election to be in writing*,' *** prescribes *the only way* in which an accused person may waive his or her right to a jury trial" (first emphasis in *Barber*)). That state constitutional context supports construing ORS 136.433 to require a written stipulation that includes the waiver to the right to a jury trial on an element of the offense before the state is relieved of its burden of proof as to that element.

Finally, legislative history shows that ORS 136.433 was enacted in 2009 in response to an increasing number of criminal offenses that include a prior-conviction element and appellate court rulings on how those convictions are pleaded and proved. Or Laws 2009, ch 180, § 2; Audio Recording, Senate Committee on Judiciary, SB 242, Jan 27, 2009, at 11:48-14:30 (testimony of Tim Sylwester on behalf of Oregon State Bar Criminal Law Section), https://olis. oregonlegislature.gov (accessed May 28, 2025). It creates a "specific procedure that governs the pleading and proof of all previous-conviction offenses." Exhibit 3, Senate Committee

on Judiciary, SB 242, Jan 27, 2009 (written testimony of Tim Sylwester). Its goal was to "merely codify" the holdings in *Hess* and other cases regarding the pleading and proof of previous convictions. *Id.*

As to pleading, the statute codified *State v. Reynolds*, 183 Or App 245, 51 P3d 684, *rev den*, 335 Or 90 (2002), requiring that a previous conviction must be alleged in an accusatory instrument when it constitutes a material element of the charged offense. Exhibit 3, Senate Committee on Judiciary, SB 242, January 27, 2009. As to proof, the statute codified the holding in *Hess*, insofar as a stipulation to a previous-conviction element renders that element conclusively proven such that it can be removed from the jury's consideration unless that evidence is otherwise admissible for a purpose other than establishing the fact of that conviction. *Id.*; ORS 136.433(1), (4).

However, the statute departs from *Hess* in two important respects. First, it allows a defendant to unilaterally stipulate to a previous-conviction element by filing a written stipulation with the court. ORS 136.433(1). The state is given notice, but it is otherwise not involved in the stipulation process.[2] When a stipulation meets the criteria set out by the statute, the court is directed to accept it and treat it as a judicial admission. ORS 136.433(2). Second, the statutory scheme distinguishes between a previous conviction that is a material element of a criminal offense and a previous conviction that serves other purposes. When a previous conviction is a material element, a defendant's stipulation removes that issue from the jury's consideration and precludes the state from presenting extrinsic evidence to prove that element, unless the "charged conduct does not constitute a criminal offense except with that element." ORS 136.433(3)(a)(A). The rationale for that provision is to avoid jury confusion. Audio Recording, Senate Committee on Judiciary, SB 242, Jan 27, 2009, at 26:20-26:55 (comments of Tim Sylwester), https://olis.oregonlegislature.gov (accessed May 28, 2025).

---

[2] In *Hess*, the defendant's acknowledgment of his prior conviction was characterized "as a 'stipulation' that [the state] felt obligated under the circumstances to accept." 342 Or at 651.

The text, context, and legislative history lead us to conclude that ORS 136.433 exclusively governs the process for stipulating to previous convictions when the state alleges in the accusatory instrument that the defendant has previously been convicted of an offense, supplanting the analysis articulated in *Hess*, which held that a stipulation to a previous conviction serves as conclusive proof of the conviction, and that evidence of a stipulated conviction is thereby rendered irrelevant and inadmissible absent an alternative theory of admissibility advanced by the state.

Applying that framework here, we first conclude that ORS 136.433 applies because the state alleged in the complaint that defendant had previously been convicted of the same offense twice in the past 10 years. We further conclude that the stipulation did not meet the conditions set out by ORS 136.433(1) and therefore did not relieve the state of its burden of proof. In particular, the stipulation did not contain an "express waiver of the defendant's right to a jury trial on the fact of the previous conviction" in writing. ORS 136.433(1)(c). The stipulation also was not filed with the court and served on the district attorney pursuant to ORS 136.433(1)(d), and it lacks the substantive declarations required by ORS 136.433(1)(b), stating only that "[defendant] has stipulated that he has two prior infraction-level convictions in the past 10 years for violating ORS 811.507." As a result of those shortcomings, defendant's stipulation did not qualify as a judicial admission that relieved the state of the burden of proof under the statute.

Because the state was not relieved of its burden of proof, evidence of defendant's convictions was admissible, as the trial court correctly ruled. However, its findings that defendant's stipulation satisfied the requirements in ORS 136.433 (1)(a) to (d) and resulting conclusion that subsection (3) of the statute required that it be presented to the jury were erroneous. Rather, defendant's putative stipulation did not relieve the state of its burden of proof on the previous conviction and so evidence of defendant's convictions was admissible because it was relevant to an element of the offense.

Defendant argues that evidence of his previous convictions was not admissible under OEC 404(4) and was

unduly prejudicial under OEC 403. We reject those arguments because they are premised on the claim that the stipulation was not relevant to a fact in issue. As we have explained above, that premise is incorrect. Defendant's stipulation did not operate to relieve the state of its burden of proof and as a result defendant's previous convictions remained at issue. The trial court did not err when it presented defendant's stipulation to the jury.[3]

>            Affirmed.

---

[3] Although the trial court ruled that the prior-conviction evidence was admissible based on its understanding of ORS 136.433(3), we affirm because that evidence was admissible as a result of the stipulation's failure to meet the conditions in ORS 136.433(1). That issue was raised by the state before the trial court and we may affirm on that alternative basis. *Sherertz v. Brownstein Rask*, 314 Or App 331, 341, 498 P3d 850 (2021), *rev den*, 369 Or 338 (2022) (we address an alternative basis for affirmance if it was made in the trial court, "is properly presented again on appeal[,] and raises a question of law"). As such, we need not determine whether it satisfies the requirements of *Outdoor Media Dimensions, Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (noting additional requirements and discretionary character of "right for the wrong reason" review).