No. 593 July 2, 2025 619

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WINDLINX RANCH TRUST,
*Petitioner,*

*v.*

DESCHUTES COUNTY,
Hodge Kerr, and Debora Herr,
*Respondents.*

Land Use Board of Appeals
2023079;
A187019

Argued and submitted May 12, 2025.

Christopher P. Koback argued the cause for petitioner. Also on the brief was Hathaway Larson LLP.

Wendie L. Kellington argued the cause for respondents. Also on the brief was Kellington Law Group, PC.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner appeals a final order of the Land Use Board of Appeals (LUBA) awarding attorney fees and costs to intervenors pursuant to ORS 197.830(15)(b). That statute requires an award of "reasonable attorney fees and expenses to the prevailing party against any other party who the board finds presented a position *** without probable cause to believe the position *** was well-founded in law or on factually supported information." For the following reasons, we affirm.

*Facts.* In 2021, intervenors applied to Deschutes County for approval of a "forest template dwelling" on their 6.7-acre parcel zoned Forest Use (F-2). To gain approval, intervenors were required to show, among other things, that "[a]ll or part of at least seven other lots or parcels that existed on January 1, 1993, are within a 160-acre square centered on the center of the subject tract." ORS 215.750(3)(b)(A). Intervenors identified up to nine parcels that they contended were proper lots within the 160-acre template. Those lots were identified as lots 1 through 6, 7a, 7b, and 7c. The hearings officer affirmed the approval of intervenors' application, including finding that there were "nine lawfully created lots" within the template.

Petitioner appealed to LUBA. It argued, as relevant here, that intervenors had not shown that all of the identified lots were "lawfully created" as of January 1, 1993. LUBA agreed that the hearings officer had not adequately addressed the lawful creation of lots 2, 7a, and 7c. It remanded for the hearings officer to "determine whether Lot 2 was created in one of the ways specified in ORS 215.010(1)(a)" and to "determine whether Lots 7a and 7c are lawfully created parcels under ORS 215.010(1)(a)." We affirmed on judicial review. *Windlinx Ranch Trust v. Deschutes County (A179127)*, 323 Or App 319 (2022) (nonprecedential memorandum opinion).

On remand, petitioner did not limit its arguments to whether lots 2, 7a, and 7c were lawfully created. In a letter submitted before the hearing, petitioner argued for the first time that lots 7b and 7c were not within the template

and also that intervenors needed to modify their application to make it clear that they were now relying on lot 7c. Intervenors objected on waiver grounds. As a precautionary measure, they also offered new evidence that lot 7c was within the template, and the hearings officer agreed to reopen the record and accept new evidence on that issue. The hearings officer ultimately ruled that lots 2, 7a, and 7c were lawfully created. As for the new issues raised by petitioner, the hearings officer ruled that they were waived and, as to lot 7c, also made an alternative finding that lot 7c was within the template:

> "For the same reasons set forth above relating to Lot 7b, I find that the Original Decision already concluded that Lot 7c was within the Applicant's template and that LUBA's Decision remanded the Original Decision only to determine if Lot 7c was a lawfully created parcel. The location of Lot 7c within the template is therefore a settled matter that does not need to be reviewed in this Remand proceeding.

> "In the alternative, I find that, based on the evidence in the record, Lot 7c is within the template."

The hearings officer concluded, "The Original Decision treated Lot 7c as being part of the Applicant's proposal, as did LUBA. If there was any deficiency in the Applicant's change in approach between its initial application and the conclusion of the original proceeding, that is an issue that could have been, and should have been, raised to LUBA."

Petitioner appealed to LUBA. Petitioner argued that the hearings officer had misapplied the law of waiver. It also challenged the alternative finding that lot 7c was within the template. LUBA agreed with intervenors that petitioner could have raised all the new issues in the first LUBA appeal and, having failed to do so, had waived them.

We affirmed on judicial review. *Windlinx Ranch Trust v. Deschutes County*, 334 Or App 240, 241 (2024) (nonprecedential memorandum opinion) (holding that, although it used the wrong label in referring to "the law of the case doctrine," LUBA properly applied the law of waiver and reached a correct result). With respect to lot 7c in particular, we agreed with LUBA that "petitioner, having not challenged whether lot 7c was within the forest template in the

original land use proceeding and the [first appeal to LUBA], waived the right to bring that challenge in the subsequent remanded proceeding and the related appeal before LUBA." *Id.* at 244. We rejected petitioner's argument that it had no reason to raise the issue earlier because intervenors' initial application did not rely on lot 7c. *Id.* at 244 n 4. We explained that, although intervenors "did not *initially* rely on lot 7c in the 2015 application materials," they "left open" the possibility of relying on it and "reserved the right to submit additional information on that lot if needed to demonstrate seven lawfully created lots[,]" and then "did just that" by supplementing their application in 2021 with additional evidence regarding lot 7c, resulting in the application that petitioner opposed in 2021. *Id.* (emphasis in original).

With their application finally approved, intervenors asked LUBA to award them attorney fees and costs under ORS 197.830(15)(b), based on petitioner having lacked probable cause for the second LUBA appeal. LUBA awarded $49,752.09 in fees and $793.18 in costs and expenses. Considering only petitioner's positions in the second LUBA appeal itself, *see Riverview Meadows LLC v. City of Nehalem*, ___ Or LUBA ___, ___ (LUBA Nos 2021-124/125/126/127, Oct 13, 2022) (slip op at 8-9) ("[W]hether an award of attorney fees is appropriate does not depend on the positions taken in response to a motion for attorney fees, after the final opinion and order has issued and the appeal before LUBA has concluded."), LUBA concluded that petitioner had "not satisfied its burden to establish that it presented at least one argument in the briefing in [the second LUBA appeal] that satisfied the probable cause standard." LUBA reasoned that petitioner "did not present any argument at all in response to intervenors' argument that the issues were waived because they could have been raised but were not raised in [the first LUBA appeal]," and that petitioner's argument as to lot 7c relied on "a wholly inaccurate characterization" of a footnote in LUBA's final order in the first appeal.

*Analysis.* Petitioner contends that LUBA's fee award is unlawful in substance, ORS 197.850(9)(a), because it cannot be said that the second LUBA appeal was "devoid of merit in its entirety," which is the standard for lack of

probable cause. *Fechtig v. City of Albany (A97764)*, 150 Or App 10, 27, 946 P2d 280 (1997). A position is not devoid of merit in its entirety if it is "open to doubt, or subject to rational, reasonable or honest discussion." *Contreras v. City of Philomath*, 32 Or LUBA 465, 469 (1996). In petitioner's view, the fact that the hearings officer reopened the record created probable cause for petitioner to continue pursuing its position regarding lot 7c.

We are unpersuaded. In land use proceedings, a party waives an issue by not raising it at the earliest opportunity. *Devin Oil Co. v. Morrow County*, 252 Or App 101, 113, 286 P3d 925 (2012) ("Because petitioner's current challenge to the limitation that the county imposed could have been raised, but was not raised, in petitioner's first appeal in this case, petitioner waived its challenge to that limitation."). The strictness of the waiver rule is well established. *See, e.g.*, *Jackson County Citizens' League v. Jackson Cty*, 171 Or App 149, 156, 15 P3d 42 (2000) (recognizing that a party cannot "inappropriately ke[ep] a second issue in reserve for a second appeal to LUBA, when the second issue was plainly cognizable at the time of the first appeal"); *Doney v. Clatsop County*, 142 Or App 497, 503, 921 P2d 1346 (1996) (recognizing that it was "clear" from existing waiver case law "that the county may not have a second bite at the apple"); *Hearne v. Baker County*, 89 Or App 282, 288, 748 P2d 1016, *rev den*, 305 Or 576 (1988) (affirming LUBA's decision that the petitioner was precluded from "raising certain issues [that] could have been but were not raised in the earlier appeals"); *Mill Creek Glen Protection Assoc. v. Umatilla Co.*, 88 Or App 522, 527, 746 P2d 728 (1987) (concluding that waiver principles precluded the petitioners from raising an issue on remand that could have been raised in an earlier appeal, even where they did not participate in the earlier appeal).

We agree with LUBA that, based on the arguments that petitioner made in the second LUBA appeal, petitioner lacked probable cause to pursue that appeal, because its arguments did not demonstrate the existence of an open issue or reasonable debate as to waiver. LUBA's first order clearly identified the issues for remand, and the only remand issue regarding lot 7c was whether it was a lawfully created

parcel. *Windlinx Ranch Trust v. Deschutes County*, ___ Or LUBA ___, ___ (LUBA No 2022-022, July 7, 2022) (slip op at 28); *see Devin Oil Co.*, 252 Or App at 112-13 ("[W]hen LUBA remands a case for further proceedings, the parties are limited to new, unresolved issues relating to those remand instructions and cannot raise any issues that LUBA affirmed or reversed on their merits." (Internal quotation marks omitted.)). Notwithstanding LUBA's remand instructions and the well-established waiver law, petitioner chose to risk raising a new and different issue—whether lot 7c was within the template—and to appeal to LUBA when the hearings officer ruled that the issue had been raised too late and was waived.

As for the hearings officer's reopening of the record, it is plain from the hearings officer's order on remand that he did *not* reopen the record because he believed that a new issue was properly before him. Rather, he considered it a "settled matter" that lot 7c was within the template and recognized petitioner's argument as outside the scope of the remand. That entirely undercuts petitioner's argument that the purpose of reopening the record was necessarily to take evidence on open issues. Under the circumstances, the hearing officer's limited reopening of the record and inclusion of alternative findings did not create probable cause to pursue an appeal where it otherwise did not exist.[1]

Finally, petitioner contends that there was probable cause to appeal the hearings officer's waiver ruling regarding intervenors being required to modify their application to make clear that they were relying on lot 7c. That issue is closely related to the issue already discussed, the waiver of both issues occurred at the same time, and we agree with LUBA that petitioner did not have probable cause to appeal the hearings officer's waiver ruling on that issue either.

Accordingly, we conclude that LUBA did not err in deciding that petitioner lacked probable cause for the second

---

[1] Petitioner seems to interpret the hearings officer's reopening of the record and inclusion of alternative findings as a signal that he considered his waiver ruling to be debatable and something that could potentially be overturned on appeal. We think it more likely that he was trying to take the edge off ruling against petitioner on purely procedural grounds, by conveying that he would rule for intervenors on the merits in any event—an approach that we ourselves take at times. But the hearings officer's subjective reasons for his approach ultimately do not matter.

appeal and that intervenors were therefore entitled to a fee award under ORS 197.830(15)(b).

Affirmed.