No. 967          November 13, 2025          711

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Kathryn PHILLIPS,
*Petitioner,*

*v.*

POLK COUNTY
and David Harris,
*Respondents.*

Land Use Board of Appeals
2024031;
A185891

On respondent Polk County's petition for attorney fees filed March 13, 2025; appellant's response filed March 31, 2025; respondent Polk County's reply filed April 8, 2025; and appellant's response to reply filed April 22, 2025.

Morgan Smith for petition and reply.

Kathryn Phillips *pro se* for response and response to reply.

Before Egan, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.

EGAN, P. J.

The county's petition for attorney fees is denied.

**EGAN, P. J.**

Respondent Polk County (the county), which prevailed in this judicial review proceeding from a Land Use Board of Appeals (LUBA) case, *Phillips v. Polk County*, 338 Or App 165 (2025) (nonprecedential memorandum opinion), seeks to recover attorney fees from petitioner in the amount of $5,820 under ORS 20.105(1). According to the county, the court should award fees under that statute because petitioner's arguments on review were objectively unreasonable. Petitioner opposes an award of fees. For the reasons that follow, we conclude that ORS 20.105(1) does not apply to judicial review of LUBA decisions and, accordingly, deny the county's request for attorney fees.

As we have explained, "[a]s a general rule, Oregon courts do not award attorney fees to opposing parties in litigation absent a statutory or contractual right." *Andlovec v. Spoto*, 326 Or App 525, 533, 532 P3d 531 (2023); *see also Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990) ("From time to time, the Oregon legislature has created a number of exceptions to [the attorney-fee] rule for particular classes of cases" and ORS 20.105(1) is one such exception.). Here, ORS 20.105(1) is the sole authority under which the county requests an award of appellate attorney fees.[1]

Although neither the county nor petitioner discuss whether ORS 20.105(1) applies to judicial review of LUBA decisions, we nonetheless identify that as the relevant question.[2] That question is one that requires us to construe the

---

[1] Because the county cites only ORS 20.105(1) as a basis for its entitlement to recover the attorney fees it incurred on judicial review, we express no opinion regarding whether or not any other statute exists that may provide authority to award fees to the county in this type of case.

Although the county cites to the factors listed in ORS 20.075(1) to support its request for attorney fees, that statute is irrelevant to a request based on a *mandatory* attorney-fee statute such as ORS 20.105 and, further, does not provide an independent basis to award fees. *See, e.g., Andlovec*, 326 Or at 527 (The factors in ORS 20.075(1) "do not apply to a request for a mandatory award of fees under ORS 20.105" because the factors only apply when another source provides a court discretionary authority to award attorney fees.).

[2] As the Supreme Court explained in *Polacek and Polacek*, 349 Or 278, 281, 243 P3d 1190 (2010), although disputed claims for attorney fees are ordinarily resolved by addressing the objections filed under ORAP 13.10(6), it is appropriate to analyze the court's authority to award the requested attorney fees even if it is not raised as an objection.

legislature's intended meaning of ORS 20.105(1) by first examining the statute's text and context. *See Polacek and Polacek*, 349 Or 278, 284, 243 P3d 1190 (2010) ("When construing a statute, our goal is to determine the legislature's intent in enacting the statute. In doing so, we begin with the statutory text and context, which are the best evidence of the legislature's intent." (Citing *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009).)).

ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a circuit court or in the regular division or the magistrate division of the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

The phrase "any civil appeal to or review by the Court of Appeals or Supreme Court," read in conjunction with the preceding phrase "[i]n any civil action, suit or other proceeding in a circuit court or in [certain divisions of] the Oregon Tax Court," indicates that the legislature intended ORS 20.105(1) to apply to fees incurred before the Court of Appeals in "civil appeal[s]" arising from "civil action[s]." In contrast, the statute granting the Court of Appeals jurisdiction over certain LUBA decisions speaks in terms of "judicial review." *See* ORS 197.850.[3] While the Court of Appeals has jurisdiction to judicially review certain LUBA decisions under ORS 197.850, as it did in this case, nothing in ORS 20.105(1) indicates that the attorney fee statute applies to categories of cases in which the Court of Appeals exercises its review function beyond civil appeals.[4]

---

[3] The court's rules make a similar distinction between procedures applicable to "appeals" and those applicable to "judicial review." *Compare* ORAP 3.05 to 3.63 (appellate procedures for cases on "appeal"), *with* ORAP 4.60 to 4.74 (appellate procedures for certain land use cases, including LUBA cases, on "judicial review").

[4] As set forth above, ORS 20.105(1) provides for an award of attorney fees in a "civil appeal to or review by the Court of Appeals or Supreme Court." The court notes that, as discussed, that section provides for fees in civil actions and

The legislative history of ORS 20.105(1) is consistent with that understanding. *See Ellison v. Dept. of Rev.*, 362 Or 148, 160, 404 P3d 933 (2017), *adh'd to as modified on recons*, 362 Or 527, 412 P3d 201 (2018) ("[W]e consider [a statute's] text in context, giving any pertinent legislative history such weight as is appropriate.").

In *Mattiza*, 311 Or at 5, the court explained that ORS 20.105(1) "began in 1983 as House Bill 2253 (sponsored by the Department of Justice)." Members of the committee tasked with drafting the language of HB 2253 were particular about the phrase "civil action" and expressed their desire to ensure that the term "civil action" in the statute was the "appropriate terminology" to capture "claims for relief" brought in a court. Tape Recording, House Committee on Judiciary, HB 2253, Mar 17, 1983, Tape 168, Side A. Further, testimony submitted by the Solicitor General in 1983 in support of the bill recognized the distinction between the types of litigation with "civil suits" on one side and "judicial review of state administrative action" on another. Testimony, House Committee on Judiciary, HB 2253 and HB 2255, Feb 8, 1983, Ex B (statement of William Gary) (explaining that "unscrupulous litigants" initiating "frivolous litigation" had not "confined themselves to civil suits," but also "[t]he process of judicial review of state administrative action has experienced the contagion of frivolous litigation").

The history demonstrates that the legislature understood it necessary to pass two separate attorney fee statutes: one to deter frivolous *civil actions* (including civil appeals) and one to deter frivolous *judicial review* proceedings. In particular, as a part of its proposal, the Department of Justice presented an accompanying bill, House Bill 2255, that would amend an attorney fee provision in the Oregon Administrative Procedures Act to reach "frivolous litigation in a specific context," that context being "the setting of judicial review of agency administrative orders." Testimony, House Committee on Judiciary, HB 2253 and HB 2255, Feb 8, 1983, Ex B (statement of William Gary).

---

civil appeals; in context, the term "review" in the statute refers to the Supreme Court's discretionary review of cases that arise from "civil actions." *See* ORS 2.520; ORAP 9.07 (explaining that the Supreme Court "retains the inherent authority to allow or deny any petition for review").

Therefore, consistent with the plain text of the statute, the legislative history shows that the bill underlying ORS 20.105(1) was specifically intended to disincentivize "frivolous litigation" in the particular category of civil actions initiated in a court, as opposed to judicial review.

Here, the legislature's intent regarding the applicability of ORS 20.105(1) is clear. That statute does not apply to judicial review of LUBA decisions. If the legislature intended that ORS 20.105(1) apply to the Court of Appeals beyond the distinct category of "civil appeal[s]" so as to extend the statute's reach, the legislature knew how to do that. *See* ORS 20.120; *Blacknall v. Board of Parole*, 348 Or 131, 136, 229 P3d 595 (2010) ("ORS 20.120 provides that for purposes of allowing costs and disbursements, review of decisions of 'an officer, tribunal, or court of inferior jurisdiction' is treated the same as if the review were an appeal."); *see also* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]").

For the reasons set forth above, we determine that ORS 20.105(1) does not apply to judicial review of LUBA decisions and that, therefore, a prevailing party is not entitled to a mandatory attorney-fee award under that statute even when the non-prevailing party raised objectively unreasonable arguments to this court. In sum, ORS 20.105(1) cannot supply the basis for an attorney-fee award in this case. Given that the county has not sought fees under any authority aside from ORS 20.105(1), we deny the request for an award of attorney fees incurred on judicial review.

The county's petition for attorney fees is denied.