No. 8 January 7, 2026 435

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WINDLINX RANCH TRUST,
*Petitioner,*

*v.*

DESCHUTES COUNTY,
Hodge Kerr, and Debora Kerr,
*Respondents.*

Land Use Board of Appeals
2023079;
A187019

On respondents' petition for attorney fees filed July 7, 2025; petitioner's response to respondents' petition filed July 21, 2025; and respondents' reply to petitioner's response filed July 23, 2025.

Wendie L. Kellington and Kellington Law Group PC for petition and reply.

Christopher P. Koback and Hathaway Larson LLP for response.

Before Egan, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.

JOYCE, J.

Petition for attorney fees allowed in the amount of $30,970.50 for attorney fees on judicial review.

**JOYCE, J.**

Respondents Hodge Kerr and Debora Kerr petition this court for an award of $30,970.50 in attorney fees under ORS 197.830(15)(b) and ORS 19.440(1) related to this judicial review proceeding, *Windlinx Ranch Trust v. Deschutes County*, 341 Or App 619 (2025) (nonprecedential memorandum opinion). The Kerrs successfully defended a final order and opinion of the Land Use Board of Appeals (LUBA). We award the Kerrs the total amount of attorney fees that they request for their work on judicial review.

Under ORS 197.830(15)(b), a statute that explicitly applies to LUBA proceedings, a prevailing party is entitled to fees against a party that "presented a position * * * without probable cause to believe the position * * * was well-founded in law or on factually supported information." As both sides agree, ORS 197.830(15)(b) also applies to judicial review proceedings pursuant to ORS 19.440. That statute provides, in relevant part, that:

> "If a statute of this state authorizes or requires an award of attorney fees to a party to a proceeding, but does not expressly authorize or require that award on appeal, judicial review or other appellate review of the decision in the proceeding, and does not expressly prohibit that award on an appeal, judicial review or other appellate review, the statute shall be construed as authorizing or requiring the award of attorney fees on appeal, judicial review or other appellate review of the decision in the proceeding[.]"

ORS 19.440(1). That statute makes clear that "[t]he provisions of this section apply to statutes that authorize or require the award of attorney fees in administrative proceedings in addition to statutes that authorize or require the award of attorney fees in civil proceedings in courts." ORS 19.440(3).[1]

---

[1] We note that this decision is distinct from our recent attorney-fee case, *Phillips v. Polk County*, 344 Or App 711, ___ P3d ___ (2025). In that case, the party petitioning for attorney fees for their work in the LUBA judicial review proceeding relied only on ORS 20.105(1), and we concluded that ORS 20.105(1) "does not apply to judicial review of LUBA decisions." *Id.* at 715. We stated that "we express no opinion regarding whether or not any other statute exists that may provide authority to award fees to the [prevailing party] in this type of case." *Id.* at 712 n 1. Here, the Kerrs request fees under ORS 197.830(15)(b) and ORS 19.440, which, as we explain, authorize an award of fees.

A position lacks probable cause when it is "devoid of merit in its entirety," which is, said another way, when the position is not "open to doubt, or *** debatable, or over which rational, reasonable or honest discussion may arise." *Fechtig v. City of Albany (A97764)*, 150 Or App 10, 14, 27, 946 P2d 280 (1997) (internal quotation marks omitted). Here, we conclude that petitioner presented a position in this judicial review proceeding, *Windlinx Ranch Trust*, 341 Or App 619 (nonprecedential memorandum opinion), that was not open to doubt or to rational, reasonable, or honest discussion. The Kerrs are therefore entitled to recover appellate-level fees under ORS 197.830(15)(b) and ORS 19.440(1) for their work in connection with this judicial review proceeding.

In making that determination, we are aided by the detailed discussion of petitioner's position included in the opinion itself. Petitioner sought judicial review in an attempt to overturn LUBA's nearly $50,000 award of attorney fees to the Kerrs. *Windlinx Ranch Trust*, 341 Or App at 622. LUBA had awarded the nearly $50,000 to the Kerrs under ORS 197.850(15)(b), which is the same statute under which the Kerrs now petition this court for an award of fees. Therefore, to succeed on judicial review in overturning LUBA's fee award, petitioner needed to demonstrate to this court why the position that it raised to LUBA during the land use case was, at least, supported by probable cause. *Id.* at 623. Petitioner's arguments on judicial review rested on its assertion that LUBA misapplied the law of waiver—a law that limits the issues that can be raised in successive land use proceedings. *Id.* (explaining that a "waiver rule" applies to land use proceedings so that "a party waives an issue by not raising it at the earliest opportunity"). Specifically, petitioner argued that it had, at least, raised a position to LUBA that was open to reasonable debate on whether the rule of waiver applied to bar its claims in the land use case. *Id.* at 622-23. Ultimately, we concluded that "[w]e agree with LUBA that, based on the arguments that petitioner made in the *** LUBA appeal, petitioner lacked probable cause to pursue that appeal [to LUBA], because its arguments did not demonstrate the existence of an open issue or reasonable debate as to waiver." *Id.* at 623. Accordingly, we affirmed LUBA's attorney fee award against petitioner under ORS

197.850(15)(b) based on petitioner's failure to raise a position to LUBA supported by probable cause. *Id.* at 624-25.

Now, the Kerrs request attorney fees against petitioner for their work on judicial review under ORS 197.850(15)(b) based on their assertion that petitioner's position lacked probable cause. At this stage, while similar to our probable-cause analysis in our opinion, the determinative question to resolve the Kerrs' present fee petition is one step removed. Our role at this point, rather than exercising our review function to decide whether LUBA erred in determining that petitioner's position before LUBA lacked probable cause, is to decide, in the first instance, whether petitioner's position as presented in the judicial review proceeding lacked probable cause.

We conclude that petitioner's position in the judicial review proceeding lacked probable cause. Just as in the underlying position to LUBA, petitioner's position on judicial review relied on there being an issue open to debate or honest discussion in an area that is clearly closed. The opinion, *Windlinx Ranch Trust*, 341 Or App 619 (nonprecedential memorandum opinion), provides a detailed discussion about why the law of waiver that applies to land use cases clearly barred the particular issue petitioner attempted to raise and, in turn, why petitioner's position that waiver may not have applied was unsupported by probable cause. *See id.* at 623 (concluding that petitioner's position on waiver lacked probable cause because the "strictness of the waiver rules is well established" and the nonwaived issues available to raise in the underlying land use case had been "clearly identified" by LUBA).

One statement in particular elucidates why petitioner's continued challenge to the application of the waiver rule lacks probable cause: "Notwithstanding LUBA's remand instructions and the well-established waiver law, petitioner chose to risk raising a new and different issue *** and to appeal to LUBA when the hearings officer ruled that the issue had been raised too late and was waived." *Id.* at 624. That statement, which supports LUBA's award of attorney fees against petitioner, also indicates why petitioner's challenge to LUBA's fee award in this judicial review proceeding

is unsupported by probable cause. That is, notwithstanding the straightforward application of the waiver rule, petitioner not only chose to challenge its application by appealing to LUBA, but then sought review in this court after LUBA explained in detail why petitioner's challenge to the waiver rule lacked probable cause. In deciding the merits of this judicial review proceeding, we agreed with LUBA's analysis in all respects and did not find that any of petitioner's arguments established an open debate on the application of the waiver rule. Therefore, we conclude that petitioner's position on judicial review lacked probable cause.

Because petitioner's position on judicial review lacked probable cause, it is appropriate to grant the Kerrs' petition for attorney fees under ORS 197.830(15)(b) and ORS 19.440. As for the amount of fees to award, the Kerrs request $30,970.50 for their work on judicial review. Petitioner does not object to that amount as unreasonable or request a reduction in fees. After consideration of the factors in ORS 20.075(1) and (2), we conclude that the amount the Kerrs request is reasonable for the work performed in connection with this particular judicial review proceeding.

Petition for attorney fees allowed in the amount of $30,970.50 for attorney fees on judicial review.